## CITY OF FAYETTEVILLE V. CARTER.

1. MUNICIPAL CORPORATIONS: *Power to regulate "drumming" for hotels: Amount of license fee.*

Though the power to regulate "drumming" for hotels and boarding houses, granted by section 751 Mansf. Dig., is conferred solely for police purposes, and municipal corporations cannot use it as a means of increasing their revenue, they may require persons engaging in such occupation to pay for a license to do so, a fee sufficient not only to cover the expense of issuing the license, but sufficient also to meet the expenses of the police supervision made necessary by the business in the city or town where it is licensed.

2. SAME: *Same: Presumption as to fee.*

As the amount of fee which it is necessary for municipal corporations to require for licensing hotel and boarding-house "drummers" cannot in all cases be ascertained in advance, the courts will not interfere with the discretion exercised by a city or town council in fixing the fee, unless it is plainly unreasonable. And it will be presumed to be reasonable unless the contrary appears on the face of the ordinance or is established by proper evidence.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

*C. R. Buckner*, for appellant.

The ordinance was not void. Since the decision in *34 Ark., 553*, power to regulate and license hotel drummers has been granted cities by *Mansfield's Digest, sec. 751*. There was no proof that the fee was excessive or unreasonable. *43 Ark., 82.* The fee was reasonable compensation for *keeping the record, issuing the license and municipal supervision. Ib.*

*T. M. Gunter*, for appellee.

Twelve dollars and fifty cents was shown to be excessive and unreasonable. The ordinance was intended as a means of raising revenue and void. The right to regulate does not carry the right to tax.

BATTLE, J. Section 751 of Mansfield's Digest provides that all municipal corporations shall have power "to regulate drumming or soliciting persons who arrive on trains or otherwise, for hotels, boarding houses, bath houses or doctors," and to license

such drummers, and to provide that each drummer shall wear a badge plainly exposed to view, showing for whom and for what he is drumming or soliciting patronage, and to punish by fine any violation of such provision. In pursuance of this section the council of the City of Fayetteville passed an ordinance forbidding all persons to drum or solicit patronage from persons who arrive on trains or otherwise, for any hotel or boarding house, without having first obtained a license to do so, and paid therefor the sum of $12.50, and making a violation thereof an offense punishable by fine. In a prosecution against appellee this ordinance, without any evidence of its invalidity except the ordinance itself, was held void, because the $12.50 was an unreasonable fee for the license.

1. MUNICIPAL CORPORATIONS: Power to regulate drumming: License fee. The authority of a municipal corporation to pass an ordinance requiring solicitors of patronage for hotels and boarding houses to take out license and pay a reasonable fee therefor is conceded by both parties. The only question presented for our consideration is, is the fee fixed by the ordinance in question reasonable?

The power to license and regulate granted by the statute was conferred solely for police purposes; and municipal corporations have no right to use it as a means of increasing their revenues. They can require a reasonable fee to be paid for a license. The amount they have a right to demand for such fee depends upon the extent and expense of the municipal supervision made necessary by the business in the city or town where it is licensed. A fee sufficient to cover the expense of issuing the license, and to pay the expenses which may be incurred in the enforcement of such police inspections or superintendence as may be lawfully exercised over the business, may be required. It is obvious that the actual amount necessary to meet such expenses cannot, in all cases, be ascertained in advance, and

2. Presumption as to fee. that "it would be futile to require anything of the kind." The result is, if the fee required is not plainly unreasonable, the courts ought not to interfere with the discretion exercised by the

·council in fixing it; and unless the contrary appears on the face ·of the ordinance requiring it, or is established by proper evidence," they should presume it to be reasonable. *The City of Burlington v. the Putnam Ins. Co., 31 Iowa, 105, 106; Van Hook v. Selma, 70 Ala., 361; Van Baalan v. People, 40 Mich., 258; in re, Wan Yin, 22 Fed. Rep., 701; Johnson v. Philadelphia, 60 Pa. St., 445; ex parte Chin Yan, 60 Cal., 78; ex parte Gregory, 20 Texas App., 210; the Town of State Center v. Barenstein, 66 Iowa, 249; Fisher v. Harrisburg, 2 Grant's Cases, 291; St. Louis v. Weber, 41 Mo., 547; Carrigan v. Gage, 68 Mo., 541; the State, ex rel., etc., v. Gas Co., 37 Ohio St., 45; Clason v. Milwaukee, 30 Wis., 316.* According to this rule we cannot say, and it does not appear, that the fee required in this case is unreasonable. The contrary is presumed.

Reversed and remanded for a new trial.