## HOT SPRINGS *v.* CURRY.

### Opinion delivered May 29, 1897.

MUNICIPAL ORDINANCE—REASONABLENESS.—When an ordinance is, upon its face, within the terms of an express statutory power, the courts ought not to interfere with it on the ground of unreasonableness. (Page 154.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

#### STATEMENT BY THE COURT.

The appellee, being a drummer or solicitor for the Palmyra Hotel in the city of Hot Springs, was charged in its police court with a violation of section 4 of an ordinance passed November 2, 1893, by not wearing a badge, as prescribed by said ordinance, while being engaged in or plying his business.

On appeal to the circuit court the case was submitted to the trial judge, sitting as a jury, upon the following agreed statement of facts: "It is agreed, for the purpose of submitting the question of law arising in this case to the court, that the defendant, J. M. Curry, did on the 17th day of July, 1895, and prior to the filing of the affidavit in this case, engage in the business of drumming and soliciting strangers who arrived in the city of Hot Springs to patronize the Palmyra Hotel; that said business of drumming and soliciting was carried on in the city of Hot Springs, Garland county, Arkansas; that, while so engaged in said business, the defendant did not wear the badge required by section 4 of the ordinance of the city of Hot Springs relative to drumming, passed and approved November 2, 1893. It is further agreed that said ordinance, attached to and made a part of this agreement, was duly and legally passed by the council of said city. It is further agreed that there is a large number of hotels, boarding houses, bath houses and physicians in said city of Hot Springs."

The ordinance referred to was entitled: "An ordinance to regulate drumming or soliciting of persons who arrive in the city of Hot Springs, on trains or otherwise, for hotels,

boarding houses, bath houses or doctors; to provide that each drummer shall wear a badge plainly exposed to view, showing for whom and what he is drumming or soliciting patronage, and to punish by fine or imprisonment any violation of this ordinance." Section 1 provides that it shall be unlawful for any person to drum or solicit persons who arrive, on trains or otherwise, for any hotel, boarding house, bath house or doctor, without first obtaining a license, and paying the city $25 per annum, and giving bond in the sum of $100 for his good behavior. Section 2 defines the words "business of drumming or soliciting." Section 3 provides that a license shall include only one hotel, boarding-house, or bath house, or doctor. Section 4 is as follows: "Every person obtaining a drummer's license, as herein provided for, shall be required at all time, whilst engaged in and carrying on such business in any hotel, boarding or bath house, on or in any railroad train, depot or platform, public car, omnibus, street hack or carriage, or any of the streets or public places, or elsewhere in the city of Hot Springs, to wear upon his or her person, plainly exposed to view, a badge showing for whom or for what he or she is drumming or soliciting. Such badge shall be of hard metal, such as heavy tin or brass, and not less than three inches across the face, and shall be worn by a male on the lapel of his coat, and by a female on the breast of her dress or other outer garment, uncovered and plainly exposed to view. Upon each badge the following inscription, in Roman letters as large as the surface will allow, shall be engraved and colored in: The name of the hotel, or boarding house, or bath house, for which such licensee is drumming or soliciting, preceded by the words 'Drummer For' and followed by the word 'Hotel' or 'House' or 'Bath House,' as the case may be, or the name of the doctor or physician for which such license is drumming or soliciting, preceded by the words 'Drummer for Doctor,' and in all cases for whom or for what, as expressed in the license or licenses procured and issued as aforesaid." Section 5 provides that the city clerk shall furnish the badge upon application. Section 6 provides for the penalties for any violation of the ordinance.

The court, upon said agreed statement of facts, declared

the defendant not guilty, because section 4 of said ordinance was unreasonable and void.

The appellant excepted to the findings and judgment of the court, and filed motion for a new trial on the following grounds: (1) The court erred in its conclusions of law upon the agreed statement of facts submitted, and upon which this cause was tried. (2) The findings and judgment of the court are against the law and the agreed statement of facts. The motion was overruled, and appellant excepted.

*W. H. Martin* and *C. D. Greaves*, for appellant.

The council had power to pass the ordinance. Sand. & H. Dig., § 5132; 45 Hun (N. Y.) 41; 118 Ind. 41; 27 Am. & Eng. Corp. Cases, 142; Horr & Bemis, Mun. Pol. Ord., § 89. The ordinance is reasonable. The reasonableness of an ordinance ought never to be questioned when it is enacted in accordance with the terms of an express power. Horr & Bemis, Mun. Pol. Ord., §§ 128, 129. The burden is on the party who denies the validity of an ordinance. *Ib.*, §§ 188, 189. Unless the contrary appears on the face of the ordinance, or is established by proper evidence, the courts presume the ordinance reasonable. 43 Ark. 82; 56 *id.* 370; 1 Dill. Mun. Corp. (4 Ed.), §§ 327, 328, 420, and note.

HUGHES, J., (after stating the facts.) The circuit court adjudged the defendant not guilty "because section 4 of said ordinance was unreasonable and void." The ordinance was enacted in accordance with the terms of an express proviso by the act of the general assembly, in which it is provided that "they (the council) shall have power" "to regulate drumming or soliciting persons who arrive on trains, or otherwise, for hotels, boarding houses, bath houses or doctors; to license such drummers, and to provide that each drummer shall wear a badge plainly exposed to view, showing for whom, and for what he is drumming or soliciting patronage, and to punish by fine any violation of this provision." Sand. & H. Dig., § 5132.

"If an express power is given to a corporation to enact ordinances of a certain kind, the legislature thereby trust to the discretion of the council to determine just how far they shall go within the limits imposed; and there is every pre-

sumption that the council are not only actuated by pure motives, but that they are so familiar with the mischief to be remedied, and with defects of the prior regulations, as to be the best possible judges of the necessity for the enactment of the new law, and of the extent to which it is advisable to exercise the power granted. The council, and not the court, is the repository of this public trust, and it should be a plain case indeed to justify the latter in interfering with the determination of the council, or of questioning either their motives or the cogency of their reasons for enacting the ordinance. Surely, when an ordinance is, upon its face, purely within the terms of an express power, the court ought not to interfere on the ground of unreasonableness. It is restricted to consider the constitutionality of the act granting the power." Horr & Bemis, Mun. Pol. Ord. § 128.

The ordinance in question appears on its face to be valid, and there is no evidence that it is unreasonable, and unless the contrary appears on the face of the ordinance, or is established by proper evidence, the court will presume it reasonable. *Fay-etteville* v. *Carter*, 52 Ark. 312.

The ordinance does exceed the limits of the power granted by the act of the legislature. There is no pretence that the act is unconstitutional. The circuit court erred in holding section 4 of the ordinance "unreasonable and void."

The judgment is reversed, and the cause remanded for a new trial.