HELENA v. MILLER.

Opinion delivered November 30, 1908.

1.  MUNICIPAL CORPORATIONS—REGULATION OF HOUSES OF ENTERTAINMENT.
    —The power "to regulate hotels and other houses for public entertain-
    ment," conferred upon cities and towns by Kirby's Digest, § 5454, in-
    cludes the power to license hotels, boarding houses and livery stables .
    as a means of regulating them; and a fee may be charged for the
    license to defray the reasonable expense of issuing the same and the
    enforcement of such police inspection or superintendence as may law-
    fully be exercised over the business.   (Page 264.)

2.  MUNICIPAL ORDINANCE—VALIDITY.—The question whether a municipal
    ordinance imposes a reasonable license fee upon hotels, boarding
    houses and livery stables is to be judged by its purport and effect,
    and not by the motives or intentions of the individual lawmakers who
    participated in its enactment.   (Page 265.)

3.  SAME—PRESUMPTION OF VALIDITY.—Every reasonable presumption is to
    be indulged in favor of the validity of a municipal ordinance, which
    should not be declared void unless it plainly appears to be so.   (Page
    265.)

4.  SAME—LICENSE FEE—REASONABLENESS.—The license fee fixed by a
    municipal ordinance may be so high that the court will on its face
    declare it to be unreasonable, or so low that the court will declare
    it to be reasonable.   (Page 266.)

5.  SAME.—A municipal ordinance which imposes an annual license fee
    of $25 upon hotels, of $15 on boarding houses, and of $20 on livery
    stables is not unreasonable.   (Page 266.)

6.  SAME.—An ordinance imposing a reasonable license fee on hotels,
    boarding houses and livery stables is not void because it contains no
    provision for inspection or superintendence of the business to be
    licensed.   (Page 266.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,*
Judge; reversed.

*W. G. Dinning,* for appellant. ·

1.  In construing the validity of municipal ordinances, a
court will not consider the purpose the council had in view in
its passage.   109 S. W. Rep. 526; 1 Dillon on Mun. Corp. (2
Ed.) 363.

2. Municipal corporations have authority to regulate hotels and make a reasonable charge for such regulation. Kirby's Digest, § 5454; 41 Ark. 485; 53 *Id.* 342.

3. Unless the ordinance on its face appears to be unreasonable, or its unreasonableness is established by competent evidence, the court should presume it reasonable. 52 Ark. 301; 72 *Id.* 563. The council are the persons most familiar with the mischiefs to be remedied, and the best judges of the necessity of the enactment of the new law, and of the extent to which it is advisable to exercise the power granted. 64 Ark. 152. The ordinance is a valid exercise of the police power. 70 Ark. 28; 72 *Id.* 556; 52 *Id.* 301; 56 *Id.* 370.

*J. M. Vineyard* and *J. M. Jackson,* for appellee.

The court, in construing an ordinance, will consider the evidence by the mayor, and adopt his construction thereof. 70 Ark. 221. But the court is not bound by the facts agreed upon by the parties, but should possess itself of all facts obtainable upon the subject. 85 Ark. 134. And the court is presumed to have considered only competent evidence. 77 Ark. 258. The council may prescribe a sufficient fee to cover cost of issuing license and of enforcing the ordinance. 56 Ark. 370; 52 *Id.* 301; 22 Fed. 701; 83 Ark. 351.

McCULLOCH, J. This appeal brings in question the validity of an ordinance of the city of Helena entitled "An ordinance for the Regulation of Hotels, Boarding Houses and Livery Stables," which makes it unlawful to engage in business of the kinds named without first having obtained a license so to do, and fixed the license fees at $25 for hotel keepers, $15 for boarding-house keepers, and $20 for livery stable keepers. Only the validity of that part of the ordinance fixing the license fee of hotel keepers is involved in this case. It is contended that the ordinance is void for the reason that the fee is so large that it stamps the provision as a tax, and not merely a police regulation.

Authority for the passage of such ordinance is found in the statute which empowers cities and towns "to regulate hotels and other houses for public entertainment." Kirby's Digest, § 5454.

The power thus conferred upon municipalities to regulate includes the power to license as a means of regulating. *Russellville* v. *White,* 41 Ark. 485; *Fort Smith* v. *Ayers,* 43 Ark. 82. A fee may be charged for the license to defray the reasonable expense of issuing the same and the enforcement of such police inspection or superintendence as may be lawfully exercised over the business. *Fayetteville* v. *Carter,* 52 Ark. 301; *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 370; *Waters-Pierce Oil Co.* v. *Hot Springs,* 85 Ark. 509.

The only debatable question presented is whether or not the fee fixed by the ordinance is reasonable. The learned trial judge before whom the case was tried permitted appellees to introduce as witnesses members of the city council, who testified in substance that the city was in need of additional revenues for the general expenses of the city government, and that this ordinance was passed for the purpose of raising revenue. It was improper to admit this evidence, as the ordinance must be judged by its purport and effect, and not by the motives or intentions of the individual law-makers who participated in its enactment. *Kirst* v. *Street Improvement District No. 120,* 86 Ark. 1; *Hot Springs* v. *Curry,* 64 Ark. 152; 1 Dillon, Mun. Corp. 311.

This court, in dealing with this question in a similar case, said: "A fee sufficient to cover the expenses of issuing the license, and to pay the expenses which may be incurred in the enforcement of such police inspection or superintendence as may be lawfully exercised over the business, may be required. It is obvious that the actual amount necessary to meet such expenses cannot in all cases be ascertained in advance, and that it would be futile to require anything of the kind. The result is, if the fee is not plainly unreasonable, the courts ought not to interfere with the discretion of the council in fixing it; and unless the contrary appears on the face of the ordinance requiring it, or is established by proper evidence, they should presume it reasonable." *Fayetteville* v. *Carter,* 52 Ark. 301. The same principle was announced by this court in *Hot Springs* v. *Curry,* 64 Ark. 152.

Now, there is nothing on the face of this ordinance, nor in the evidence, to show that the amount of fee is unreasonable.

There is nothing to show what amount of money the collection of this and similar license fees will raise, nor what is the expense of issuing the license and reasonable expense of inspection and superintendence. The testimony tends to establish the fact that no additional policemen or sanitary officers have been employed for the purposes of inspection and of enforcing sanitary measures, but this does not prove that the sum raised by the ordinance is more than reasonably necessary for inspection and superintendence.

It is our duty to indulge every reasonable presumption in favor of the validity of the ordinance, and not to declare it void unless it plainly appears to be so. *Fayetteville* v. *Carter, supra.*

It is difficult for the court to draw the line precisely between amounts which are reasonable and those that are unreasonable. The license fee fixed by an ordinance may, however, be so high that the court will, on the face of it, declare it to be unreasonable (*Stamps* v. *Burk,* 83 Ark. 351), or so low that the court will declare it to be reasonable.

We are of the opinion that the fee fixed by this ordinance is not unreasonable, and that it is a valid police regulation.

This court held in *Arkadelphia Lumber Co.* v. *Arkadelphia, supra,* that a charge of $25 license fee for operating a ferry is not unreasonable, and we see no reason why the charge of that amount for hotel license should be unreasonable.

It is contended, on authority of *Stamps* v. *Burk, supra,* that the purpose of this ordinance must be held to have been to raise revenue, and not to regulate, for the reason that it contains no provision for inspection or superintendence of the business to be licensed thereunder. We do not understand the case just cited to rule that the ordinance must, in order to sustain a charge for license, contain a provision for inspection. Judge RIDDICK, in delivering the opinion of the court, merely gave that as one of the reasons why the license fee appeared to be excessive.

Reversed and remanded for a new trial.