## KANSAS CITY v. MARCY K. BROWN, Appellent.

Division Two, December 30, 1920.

1. **STREET IMPROVEMENT: Damages: Establishment of Grade: Legislative Matter.** The contention of an abutting property owner that the grade of the street should have been established one or two blocks further south, and that if a lighter grade had been established in front of his property the street could have been used as a highway for more general purposes and would not have damaged but would have benefited his property, is a legislative matter, and, in the absence of fraud or corruption in the enactment of the ordinance or a departure to his injury from the powers conferred upon the municipal legislature, is not relevant in a determination of the amount of damages to his property caused by the change in the grade.

2. ————: **Invalid Ordinance: Resolution: Indorsement:. Review.** A contention that no recommendation of the Board of Public Works was indorsed on the resolution of the council for the change in the grade of a street, as required by the city's charter, and that therefore the ordinance passed in pursuance to the resolution was void, unless in some way made in the trial court and its ruling preserved by an exception, cannot be considered on appeal. Although

(1)

the resolution was offered in evidence, such an objection to it cannot be made for the first time in the appellate court.

3. ———: **Documentary Evidence: Resolution of Municipality.** In the absence of any proof of a defect in the resolution adopted by a city council other than that presented by its incorporation in an abstract, every intendment in favor of its legality will be indulged by the appellate court; for the records kept of muncipal proceedings establish themselves and are received in evidence without proof of the facts they recite.

4. ———: **Resolution; Indefiniteness.** A resolution adopted by the municipal legislature to establish the grade of a street will not be held to be "so indefinite and uncertain as to invalidate the ordinance based thereon" if the street has been graded in conformity therewith without a complaint of any character as to the nature or sufficiency of the improvement.

5. ———: **Remonstrance.** It is necessary that a remonstrance against a street improvement be signed by the owners of a majority of the feet fronting on the street.

6. ———: **Change of Grade in Other Blocks.** The owner of property abutting on a street is not entitled to recover damages because of the change in the grade of a street located one block from his property. Before he can recover damages he must show that the change in the grades was made in that part of the street on which his property fronts.

7. ———: **For Benefit of Railway Company: Damages in Prior Proceeding.** An ordinance provided a method by which the court might be authorized to appoint a special commission to ascertain and report the damages to property, except that owned by the city and a certain terminal railway company, arising from the changes in the grades of certain public highways; it further provided that the railway company, under conditions stated, should pay the awards made by the commission as damages to property affected by the changes, and that was done; and it is claimed that the instant proceeding, which resulted in the change of the grade of the street in front of appellant's property, was based upon that ordinance. *Held*, that if the changes in the former grade of a street situate a block from appellant's property was made under that ordinance for the benefit of the railway company, and appellant was damaged by the changes thus made, such damages should have been claimed and adjusted as provided in that ordinance, and cannot be allowed in the instant proceeding, which was begun under a later ordinance.

8. ———: ———: **Motive.** Courts will not inquire into the motive of the municipal legislature in adopting the resolution and ordinance by which a street improvement was authorized, where it had power to act and has acted in the prescribed legal manner.

9. ——————: **Damages: Question for Jury.** Whether the owner is en-
titled to damages because of a change in the grade of the street on
which his property abuts is a question of fact for the jury; and
where they not only heard the evidence, but personally examined
the property before returning their verdict, finding that the owner
had not been damaged, and that verdict has received the approval
of the trial court, it will not be disturbed on appeal.

Appeal from Jackson Circuit Court.—*Hon. Thomas B.
Buckner,* Judge.

AFFIRMED.

*Marcy K. Brown* and *Marcy K. Brown, Jr.,* for appel-
lant.

(1)  Appellant's petition to dismiss these proceed-
ings specially charged its purposes were illegal.   The
ordinance was charged to be illegal because its purposes
were not for the general public good, but to subserve
private and illegal purposes.   Appellant's claim for
damages alleges its purposes were to benefit the Terminal
Railway Company. Appellant's claim for damages alleg-
ed its purposes were to benefit owners of private property
on the same street, south of 25th Street, and alleged its
purposes were to consummate private and unlawful pur-
poses of the Park Board as therein specially set forth,
and alleged unreasonable grades were being thereby es-
tablished unlawfully, the purposes of which were to ac-
complish the private ends aforesaid.   Appellant invokes
the rulings of this court in, Kansas City v. Hyde, 196
Mo. 498, and earnestly insists that the doctrines declared
in that case are pointedly and on all-fours with case at
bar and that the trial court committed gravest errors
in excluding and refusing to admit or consider evidence
clearly competent under the doctrines laid down in that
case.   (2)  Evidence of any and all acts of the Park
Board was relevant and material which tended to show
alleged unlawful purposes, regardless of whether its at-
tempts and acts become enacted into laws or not.   Its

motives were not being made the subject of judicial inquiry, but its purposes alleged to have been illegal. In this connection appellant offered to show that the Park Board in pursuance of said alleged purposes had opposed the efforts of adjacent property owners to secure a reasonable and usable grading of Wyandotte Street, such as the former grade of 9 per cent, by its written communications and formal resolutions of protest, which defeated such efforts; that in pursuance of said purposes, alleged to be unlawful, in order to prevent all improvement of adjacent streets, it had, by formal resolutions sent to the City Council, endeavored to induce said council in whom alone the law placed the control of such streets to unlawfully turn over to its tender mercies, the exclusive control of all such streets, and had perseveringly followed up its said resolution by causing to be introduced into the council a formal ordinance for the purpose of securing the same illegal ends; that in pursuance of the same illegal purposes to prevent all opening of streets through the adjacent property which it was alleged to be seeking to unlawfully blanket and hamper it had for six years prevented the progress through the courts of a legally enacted ordinance opening 25th Street by appellant's property and through the blanketed district. All this evidence and much more evidence equally cogent and competent under this court's ruling in the Hyde case the trial court exclued often with comments and insinuations therein, which shows to this reviewing court that the trial court, gave no proper, if any, consideration to said evidence when overruling appellant's motion to dismiss the proceeding. (3) Ordinance 9701 was illegal and void: (a) Its purpose was illegal, being for the private purpose and advantage of the Terminal Railway Company, in embellishment and improvement of its abutting ground not used for railway purposes, but owned by its privately-owned corporation. (b) It was illegal because no proceedings, as shown by appellant's evidence were ever had to assess benefits or damages caused by such change of grade.

(c)   It was illegal, because being an amendatory ordiance creating a franchise for 200 years, it should have, as was Ordinance 2336 which it amended, been also submitted to popular vote, which was not done. Charter, sec. 3, art. 16.  (4)   Mr. Donnelly, assistant city engineer for seventeen years, thorough familiar with the grades of Kansas City, testified:  That the grade proposed to be established by these proceedings was a 12.07 per cent grade.  "That, from an engineering standpoint, is not a commercial grade; that it is a very oppressive grade; that it would greatly damage property by reason of establishing such a grade in front of it; and, if possible, a different grade should be established.  It is a very objectionable grade. a very oppressive grade, and a very unusual grade in Kansas City."  The same witness, admittedly the best expert on real estate values in that locality, stated that creating a 12 per cent grade instead of the old 9 per cent grade would cause a damage to appellant's property of one-third of its value by the establishment of such grade in front of it, which would amount to over thirty-one thousand dollars damages.  The city made no showing whatever against these facts, yet the court, in the presence of the jury, presumably sitting as chancellor, exclaimed: "It don't make any difference how burdensome it is.  People that own property in there will have to stand for it."  (5)   At the very outset of the case relating to appellant's motion to dismiss, and before presentation of evidence thereon, the court announced that its mind was made up, that the court intended to decide against the motion, that any evidence thereon would be a waste of time; and the court announced its view of the law to be that the court had no legal or moral right to go into the question of the reasonableness of the ordinance, which should be left solely to the lawmaking authorities of the city, and refused to allow appellant to present and argue the law, showing to the contrary.  The court, however, announced it would allow evidence to be introduced thereon solely to enable appellant to perfect his record thereon to Supreme Court.  (6)   Article 1,

Section 7, of the Charter, makes the preliminary resolution to change the grade the vital thing upon which the ordinance must be based. If the resolution is void and illegal, or if the ordinance does not conform to the resolution, then the ordinance is illegal and void. The resolution upon which the ordinance was based, is illegal and void for the following reasons: (a) Its descriptions of the proposed changes are indefinite, uncertain, misleading, contradictory and absolutely impossible of ascertainment, and for that reason it fails to inform property owners of what was to be, or might be, done to their property thereunder, in this, that after fixing the two grade points of elevation, where it might begin, and end, it contains this unique, humorous and idiotic provision, to-wit, "adjacent grade points to be connected by true planes or vertical curves." The same vice appears in the published notice of the resolution. In all such matters this court condemns all uncertainty of every kind and character, and has always held proceedings based thereon null and void. Delmar Inv. Co. v. Lewis, 271 Mo. 317. (b) The resolution to regrade is illegal and void because no recommendation of the Board of Public Works was indorsed thereon. This requirement is a vital one under Section 1, Article 7, City Charter. (c) The resolution to regrade is illegal and void because "the resident owners of the city who owned the majority in front feet of all the lands belonging to such resident owners fronting on the street to be improved within thirty days after the first day of the publication of such resolution filed with the city clerk their written remonstrance against the same." Appellant insists that "resident owners" means natural persons, and that the Park Board are not such in contemplation of the city charter. (7) The ordinance to grade is illegal and void: (a) As said ordinance can only be based upon the resolution to change grade, which was illegal and void, then it must necessarily follow that the ordinance is also, itself, illegal and void. (b) The ordinance is void because it is indefinite and uncertain, in that it does not, within

itself, show upon what grade the street is to be graded, but merely recites, "to be graded to the legally established grade thereof." The "legally established grade," appellant contends, is still the old 9 per cent grade, which has never been legally changed, because, as heretofore shown, the resolution attempting to change it was illegal and void. (c) But, even if said resolution to grade were legal, this ordinance to grade would still be illegal because it does not conform to said resolution, in this: Said resolution fixes the south line of the grade points as "at the north line of Twenty-fifth Street . . . 143 feet," whereas the ordinance, both in its title and in Section 1, fixes the south line of the points to be graded as "the south line of Twenty-fifth Street," which is an entirely different point, being, as shown by the evidence and the map filed in this proceeding, to be a distance of thirty feet further south than provided in the resolution, with an elevation higher by several feet, as shown by said map and other evidence which would materially alter the grade provided for and authorized in the resolution. Delmar Inv. Co. v. Lewis, 271 Mo. 317.

*E. M. Harber,* City Counselor, and *J. C. Pether-bridge,* Assistant City Counselor, for respondent.

(1) There was no error in excluding certain evidence offered by appellant, because it was not within the issues being tried, and therefore immaterial. (2) The grade of 12 per cent on Wyandotte Street, which is located in a semi-resident park district, is not a prohibitive grade; indeed, such a grade in Kansas City is quite common, even in the downtown congested business districts. (3) Appellant was his own counsel. The alleged misconduct of the trial judge toward him is imaginary and not real. The bill of exceptions does not bear out the frantic statements and allegations of misconduct of the trial judge made by appellant. The bill of exceptions must recite what occurred as the trial

progressed.    Lemmon v. Robertson, 164 Mo. App. 89;
Sperry v. Hurd, 151 Mo. App. 583; Harless v. Ry. Co.,
123 Mo. App. 31; Miller v. Engle, 185 Mo. App. 558.
(4) The resolution to change and re-establish the grade
on Wyandotte Street from Plaza Road (Twenty-fourth
Street) to the Twenty-fifth Street, was sufficiently definite
and certain to inform any one seeking information in
regard to the matter.    Sec. 1, Art. 7, Kansas City Chart-
er.    (5)    The ordinance to grade is not in conflict with
the resolution, but in perfect harmony with it, and was
therefore valid.    (6)    No pleadings on behalf of the city,
beyond the finding of the ordinance, are required in
cases like this, under the procedure provided therefor
in the Kansas City Charter.    No reply or other plead-
ing is provided for or was necessary to be filed deny-
ing the charges in his motion to dismiss.    The state-
ments and allegations therein contained, like any other
motion, had to be proven, which appellant failed to do.
(7)    Appellant's property did not abut on Twenty-
fourth Street (Plaza Road), but was a full block south.
Property not abutting or fronting on a street where
the change of grade takes place, is not entitled to any
damages therefor.    Appellant was not, therefore, en-
titled to any damages on account of the damage of the
grade on Twenty-fourth Street.    Gardner v. St. Joseph,
96 Mo. App. 661; Burde v. St. Joseph, 130 Mo. App.
453; Rude v. St. Louis, 93 Mo. 408; Wallace v. Ry. Co.,
47 Mo. App. 491; Stephenson v. Railway, 68 Mo. App.
642; Clemens v. Life Ins. Co., 184 Mo. 46; Knapp, Stout
& Co. v. St. Louis, 153 Mo. 560.    (8)    Whether the ap-
pellant was entitled to damages and how much on account
of the change of the grade of Wyandotte Street in front
of his property, were purely questions of fact for the
jury who heard the evidence and who personally exam-
ined the property before returning their verdict.    Such
questions of fact will not be disturbed by this court.
Kansas City v. Bacon, 147 Mo. 279; Kansas City v.
Baird, 98 Mo. 218.    (9)    The establishment of the grades

of public streets and highways in Kansas City and the character and extent of the improvements to be made thereon are matters purely and solely within the sound discretion of the common council to determine, and its action in regard thereto is not a matter for judicial inquiry and supervision, unless the legislative body acted fraudulently or corruptly, neither of which is shown to exist in this proceeding. 3 Dillon, Mun. Corp. (5 Ed.) pp. 1819-1820; Kansas City v. Baird, 98 Mo. 215; Aldrich v. Spears, 101 Mo. 400; St. Louis v. Brown, 155 Mo. 555; Field v. Barber Asphalt Co., 194 U. S. 618; Chicago Co. v. Pontiac, 169 Ill. 155; Dunlap v. Mt. Sterling, 14 Ill. 251; Kokomo v. Mahan, 100 Ind. 242; Curry v. Mt. Sterling, 15 Ill. 320; Chicago, R. I. & P. R. Co. v. Lake, 71 Ill. 333; Durham v. Hyde Park, 75 Ill. 371; Fohl v. Sleepy Eye Lake, 80 Minn. 67; Ry. Co. v. Hartland, 85 Minn. 76; · Baldwin v. Bangor, 36 Me, 518; Pouland v. Ry. Co., 123 Ga. 605; Cape Girardeau v. Houck, 129 Mo. 607.   (10)  In the absence of evidence to the contrary, the presumption is in favor of the legality of the proceedings of the municipal authorities. It will be presumed that they faithfully observed all provisions of the law relating to the improvement in question and that all legislation necessary to the validity of the action was duly passed. 4 McQuillin, Mun. Corp. pp. 4290-4291; Frazier v. City of Rockport, 199 Mo. App. 80; Bluffton v. Silver, 63 Ind. 262.

WALKER, J.—Kansas City brought this suit in the municipal court under article 7 of its charter to ascertain and assess the damages and benefits resulting from a change in the grade of Wyandotte Street between Plaza Road and  Twenty-fifth Street.  The appellant, who is the owner of 157 feet of land on the northwest corner of Wyandotte and Twenty-fifth Street, filed a claim for damages in this proceeding on the account of the change in the grade of Wyandotte Street opposite his property.  Along 132 feet of the frontage of this lot

or parcel of land on Wyandotte Street there is practically no change in the grade; along the remaining 25 feet there is a cut averaging about 2.9 feet.

There was a trial before a jury in the municipal court, which allowed the appellant no damages. Upon an appeal to the circuit court there was a retrial before a jury, which likewise refused to award the appellant any damages. He thereupon appealed to this court.

This proceeding was under the authority of Ordinance No. 28594, the material portions of which are as follows:

Section 1. The grading of Wyandotte Street from the south line of Plaza Road to the south line of Twenty-fifth Street to the width established is authorized by this section.

Section 2 is declaratory of the authority invoked by the Board of Public Works in making this improvement, and provides for compensation for damages to abutting property by reason of embankments or fills necessary to bring the street to the required grade.

Section 3 provides for compensation for damages to abutting property by reason of excavations or cuts rendered necessary in said grading; and authorizes the condemnation of adjacent property where necessary to the protection and use of said street and permits the municipal authorities to remove dirt, rock, etc., from such adjacent property.

Section 4 provides that the work herein authorized is to be performed in accordance with the plans and specifications of the Board of Public Works on file in its office.

Section 5 defines the manner in which said work shall be paid for, which shall be subject to the provisions of this section and in accordance with Section 3, Article 8, Charter of Kansas City, limiting liability to special tax bills.

Section 6 provides that damages to abutting property may be ascertained and assessed as provided in

Article 7, Charter of Kansas City; and defines the limits within which private property is benefited by the proposed grading and the limits within which said property shall be assessed and charged to pay such damages as may be allowed under Sections 2 and 3 of this ordinance, to-wit: Beginning at the northwest corner of Lot 3, Waldo Tract, an Addition to Kansas City, Missouri; thence east and easterly along the south and southerly lines of Plaza Road to a point one hundred and fifty feet east of the east line of Wyandotte Street (measured at right angles thereto); thence south and parallel to the east line of Wyandotte Street to the south line of Twenty-fifth Street; thence west along the south line of Twenty-fifth Street to an intersection with the east line of Lot 80, Waldo Tract, produced south; thence north to the place of beginning.

Section 7. The damages provided for in Section 6 of this ordinance are authorized to be assessed, collected and their payment enforced against city and private property within the limits of the benefit district in accordance with Article 7, Charter of Kansas City.

Section 8 provides that proceedings herein authorized shall be first begun in the Municipal Court of Kansas City.

Section 9 provides for the repeal of all prior conflicting ordinances.

The attestation of the required municipal boards, and the officials of said city appended to said ordinance, are omitted.

The appellant filed in the municipal court a claim for damages, alleging in support of same the following:

That said property, by reason of its facing the Station Park and its close proximity to the Union Terminal Station, is of great value as business and commercial property, if Wyandotte Street, in front thereof, be maintaind to a grade or be properly graded for such purposes.

That the present legally established grade on Wyandotte Street, from Plaza Road to Twenty-fifth Street,

and in front of claimant's property, is approximately a nine per cent grade, which grade is one suitable for business or commercial purposes.

That the grade sought to be established in said block by these proceedings exceeds a twelve per cent grade, is prohibitive for all business or commercial purposes and is destructive of a large part of the value of claimant's property.

That a short distance north of claimant's property and at the north point of which the present proposed change of grade begins, the legally established elevation was, and now. is, an elevation of 93.51 feet above the city directrix and not 81.50 feet above said city directrix, as stated in these proceedings.

That by an invalid ordinance, known as Ordinance No. 9701 of said Kansas City, approved August 19, 1911, illegally passed and attempted to be passed by the Common Council of said city, and illegally approved and attempted to be approved by the Mayor of said city, it was attempted at the north point where this grading begins to illegally change the elevation of Wyandotte Street, at said point, from the legally established elevation of 93.50 feet above the city directrix to an elevation of 81.50 feet above the said city directrix.

That said illegal Ordinance No. 9701 was an attempt of said City Council and Mayor, in violation of law, to grant a franchise to the Kansas City Terminal Railway Company, a corporation, without submission of the same to the qualified voters of said city as required by law, and was also an illegal attempt to change the legally established grade of Wyandotte Street, in said block, and to thereby damage the property of claimant, without the proper or any legal procedure therefor, the same being done wholly for the benefit of said Kansas City Terminal Railway Company, and not for any public use, and being the attempted illegal taking of private property for private purposes without the consent of the owners thereof, and the further attempted illegal taking

of private property for pretended public uses without any compensation therefor, in violation of law and of the constitutions of the United States and of the State of Missouri.

That the present proceeding is found and based upon said illegal Ordinance No. 9701 and is an attempt to adopt and legalize the same.

That the present proceedings damage claimant's property for the further reason that the resident owners of the majority of front feet of all the lands fronting on said Wyandotte Street, between Plaza Road and Twenty-fifth Street, within thirty days after the first day of the publication of the resolution of the Common Council of said city declaring said change of grade, as proposed by this proceeding, to be necessary, filed their written remonstrance against the proposed change of grade, which said remonstrance was ignored by the Common Council, which, thereafter, illegally attempted to pass said resolution so changing said grade, upon which said action of the Common Council this proceeding is based.

Claimant avers that his property is damaged by this proceeding; that it is illegal because the benefit district fixed thereby is unreasonable, in that the property on Wyandotte Street, north of Plaza Road, and south of Twenty-fifth Street, should have been included in the benefit district, the same being the property solely benefited by this proceeding.

Claimant avers that by reason of this proceeding and the matters herein set forth his property is greatly damaged, to-wit, in the sum of $15,000, for which sum he hereby makes claim, and that this proceeding by reason of the matters herein alleged is in violation of the constitutions of the United States and of the State of Missouri, that claimant is being deprived and attempted to be deprived of his property for alleged public use without just compensation and without due process of law. (Signature of claimant omitted).

Upon the refusal of the jury in the municipal court to award appellant damages he appealed to the circuit

court, where he filed what is styled an "amended motion and petition to dismiss." This motion is substantially as follows:

After stating his ownership in the property and describing it, plaintiff moves the court to declare Ordinance No. 28594, the material portions of which are above set forth, void and to dismiss this proceeding for the following reasons:

Section 1. That Ordinance No. 28594 and the proceedings thereunder are unreasonable because the benefit district as fixed by said ordinance is inequitable, unjust and altogether unreasonable in that the property on the line of Wyandotte Street, north of Plaza Road and south of Twenty-fifth Street, should have been included in the benefit district, as the same is the property solely benefited by this proceeding.

Section 2. That the said ordinance and proceedings thereunder are unreasonable because the grade sought to be establishd exceeds a 12 per cent grade and is impracticable, unreasonable and prohibitive for public traffic and business and commercial purposes.

Section 3. That the said ordinance and proceedings are unreasonable because the changing of the grade and grading of said Wyandotte Street for only one block as proposed by said ordinance on account of the limited extent thereof, prevents the establishment of a reasonable, practicable and usable grade in said block without regrading said Wyandotte further south to Twenty-sixth or Twenty-seventh Street, or making a cut in the continuous grade of said Wyandotte Street by a depression thereof at Twenty-fifth Street.

Section 4: That the said ordinance was illegally passed in violation of the charter of Kansas City; that the resident owners of said city owning the majority of front feet of all the lands belonging to such resident owners fronting on said Wyandotte Street between Plaza Road and Twenty-fifth Street did within 30 days after the first day of the publication of the resolution of

the Common Council declaring said change of grade to be necessary, file their written remonstrance against the proposed change of grade, which remonstrance was ignored by the Common Council, which thereafter attempted to pass the resolution changing said grade, and upon that illegal action this proceeding is based; that the Mayor of said city failed to approve and sign said resolution declaring said change of grade to be necessary.

Section 5. That this ordinance is based upon a prior void ordinance numbered 9701, approved August 19, 1911, the purpose of which was to illegally attempt to lower the elevation of Wyandotte Street from an established elevation above the city directrix and to grant a franchise to the Kansas City Terminal Railway Company in violation of law. This is followed by an argument based upon the appellant's conclusion as to the damages to his property on account of said illegal action.

Section 6. That said ordinance and proceedings are void because not passed for a public but to subserve a private purpose. This is followed by an argument in support of the foregoing conclusion.

Section 7 charges the Board of Park Commissioners and its predecessors with a corrupt use and exercise of their official power, that their action was for a private and not a public purpose and results in the damaging and taking of appellant's property without due process of law.

This motion was overruled.

The city introduced a map or plat certified to by the Board of Public Works and its correctness attested by the Mayor and the City Engineer, delineating the proposed grading of Wyandotte Street from the south line of Plaza Road to the south line of Twenty-fifth Street. Testimony was introduced that the grade established on that street in the block between Plaza Road and Twenty-fifth Street was 12.07%. This grade, witnesses from the engineering department of the city testified, was usable for light but not for heavy traffic, and taking into consideration the location of appellant's property and that

of other streets in the locality, it would not have been practicable to have made Wyandotte Street to conform to the grades of other streets already made except in accordance with the grade established.

There was testimony pro and con as to the effect upon the use and value of the property of appellant, as well as others in the same block, by reason of the improvement authorized by these proceedings. The jury gave credence to the testimony of witnesses for the respondent. There was formal documentary proof that the municipal authorities in authorizing this improvement and in making same, pursued the course prescribed by the charter and the ordinances of Kansas City. In the presence of this fact the literal incorporation in the opinion of the resolution of the Common Council and the record of the Board of Public Works is unnecessary. Objections made thereto we will discuss later.

I. The contention of the appellant is that the grade of Wyandotte Street, instead of being confined to the limits prescribed, should have been established from Plaza Road south to Twenty-sixth or Twenty-seventh Street. That in so doing, a less or lighter grade would have been established in front of his property. No charge of fraud or corruption is made to impeach the validity of these proceedings, but the claim as to their unreasonableness and insufficiency, so far as is disclosed by the offer of any testimony in regard thereto, is confined to the contention that if the street had been graded as contended by appellant it could have been used as a highway for more general purposes than as now improved, and that his property would not have been damaged but benefited. This claim, at best, is but problematical, and while it might properly have been made before the Common Council at the time the ordinance authorizing this improvement was under consideration, it was not relevant to determine the amount of appellant's damages in this inquiry and testimony in regard thereto was properly excluded. This follows from

*Legislative Matter.*

the fact that in a proceeding of this character the issue to be tried is the amount of damages, if any, to abutting property or the benefits to be distributed over the district affected. The validity of the ordinance under which the proceedings were had may be inquired into, but before it can be held irregular, much less invalid, some competent evidence to prove that fact—always easily obtainable from the records—must be adduced. No such evidence was offered. The courts are, and should be, loath to invade and thus attempt to supervise the functions of a common council or other municipal legislative assembly in the absence of fraud or corruption or a departure to complainant's injury from the powers conferred upon such bodies in matters as at bar. [Kansas City v. Hyde, 196 Mo. 498; State ex rel. Abel v. Gates, 190 Mo. l. c. 555; Barber Asph. Co. v. French, 158 Mo. l. c. 547; Knapp-Stout v. St. Louis, 156 Mo. l. c. 353.]

II. It is urged that no recommendation of the Board of Public Works was indorsed upon the resolution of the Common Council for the change of the grade as required by Section 1, Article 7, of the Charter of Kansas City of 1909, and that the ordinance passed in pursuance of that resolution was therefore void. If the purpose of the appellant in introducing this resolution was to assert its invalidity, the attention of the trial court should have been called thereto and an opportunity afforded for a ruling thereon. The alleged insufficiency was a matter of exception and could not otherwise be passed on so as to preserve it for our consideration. The unusual course pursued in the introduction of this resolution, or rather the manner in which its alleged defect was held in abeyance, is not unworthy of reference in the consideration of this contention. Appellant made no specific mention during the trial of the existence of the defect now pressed upon our attention, nor is it preserved in the bill of exceptions or referred to in the motion for a new trial. Its initial appearance is in the appellant's brief. Thus presented

it is not subject to review. To rule otherwise would be to afford an appellant an opportunity to introduce evidence, especially of a documentary character, without any intimation of its nature or purpose at the time or afterwards, and withhold any objections to same until the case is presented to this court. The oral argument renders more apparent the correctness of this conclusion. Appellant contended in same, as in his brief, that the ordinance was void on account of the omission of the recommendation referred to. The truth as to his statement in regard to the absence of the recommendation was challenged by counsel for respondent, who insisted that the original resolution had indorsed thereon the required recommendation; and that its omission from the appellant's abstract, whether inadvertent or otherwise, had resulted in the incorporation of an incorrect copy of the resolution therein. For our own information we directed the transmission to this court of the original resolution. This, it is true, is not the formal manner in which a diminution of the record or the correction of a transcript is usually effected, but under the facts of this particular case it became necessary in order that a formal and full transcript of the proceedings might be presented for review. Upon an inspection of the original resolution before us, the recommendation of the Board of Public Works is found regularly indorsed thereon as required by the charter. If, therefore, this contention had been so presented as to entitle it to our consideration it could only be sustained on the ground that the resolution was sufficiently defective to invalidate the proceedings simply because it had not been correctly copied into the bill of exceptions, despite the fact that it was the appellant's duty, if fairly exercised in a presentation of his case to this court, to see that it was so inserted.

The procedure of the courts is regulated, and properly so by formal rules, which should be complied with except where the observance of same will result in a

manifest denial of justice. When it does, the letter should give way to the spirit, especially so in this case, where the non-observance of a rule deprives the appellant of no substantial right and enables the true facts to be submitted for the court's consideration.

If it were necessary, we might content ourselves, in the absence of any proof of the defect other than that presented by the incorporation of the resolution in appellant's abstract, with the well settled and universally recognized rule of law that every intendment is to be made in favor of the acts and proceedings of a municipality; and, as we said in Delmar Inv. Co. v. Lewis, 271 Mo. 1. c. 323: "Where records are kept of municipal acts and proceedings, the law is clearly defined that the same are receivable in evidence of the truth of the facts recited; and it would seem to be a rule that when so produced they establish themselves; because they are made by accredited agents, are of a public nature and notoriety, and are usually made under the sanction of an oath of office."

III. The conduct of the judge during the progress of the trial is assigned as error. Appellant occupied the delicate and sometimes embarrassing position of counsel *pro se*. This relation not unnaturally tends to cause counsel to regard adverse rulings in a different light than if made under other circumstances. We have carefully reviewed this record to enable it to be determined whether the conduct of the trial judge was such as to prejudice the rights of the appellant. After a careful reading of same we do not consider his conduct as manifesting "animus towards the appellant throughout the case." On the contrary, the court's rulings, impartially considered, do not sustain this conclusion. Notwithstanding the judge's statement that the introduction of testimony would not be permitted showing differences in grade of streets in the locality of Wyandotte Street, testimony of different witnesses was permitted to be introduced in regard thereto and as to other phases of the

*Fair Trial.*

case deemed by the appellant of probative force in determining the unreasonableness of the ordinance. There is, therefore, no substantial ground upon which to base the contention that appellant was precluded from the introduction of testimony either as to the unreasonableness of the ordinance or as to any other relevant matter.

IV.   The resolution of the Common Council to change and reestablish the grade of Wyandotte Street is assailed as being "so indefinite and uncertain as to invalidate the ordinance based thereon."
Indefiniteness.   Waiving any question as to the correctness of appellant's conclusion as to the invalidity of the ordinance on this account, it will be sufficient to say that this resolution was in the ordinary form which has been in use in Kansas City for many years as evidenced by a comparison of same with like resolutions which have heretofore been under review by this court in similar cases. The fact that the street has been graded in conformity with this resolution and ordinance without, as is disclosed by the record, a complaint of any character being made as to the nature or sufficiency of the improvement, is of itself ample evidence of a lack of merit in this contention.

V.   The Common Council is alleged to have erred in proceeding with this improvement in the face of the protest of a majority of the resident owners of property abutting on Wyandotte Street. The record
Remonstrance.   does not sustain this contention. There was no legal protest or remonstrance filed against the resolution by a majority of the owners of the property fronting on the street. This was necessary to render it effective. There are 1076.33 feet fronting on the street. Only the owners of 412 feet remonstrated, which it is evident did not constitute a majority. A portion of those who remonstrated are claimed by respondent to have improperly attempted to exercise this right; in the presence of the facts as to the lack of a majority, this need not be taken into consideration. The remonstrance, not con-

forming to the requirements of the Kansas City charter, was therefore without legal effect and did not interpose a sufficient obstacle to prevent the street from being graded in conformity with the resolution and the ordinance based thereon.

VI.  Appellant complains that because the grade of Plaza Road was changed by lowering it about twelve feet at the intersection of Wyandotte, he was damaged, although his property does not abut on Plaza Road, but is located one block south of that point.  The owner of property not abutting or fronting on a street where the change of grade takes place is not entitled to any damages therefor.  Appellant, therefore, was not entitled to any damages on account of the change of grade of Plaza Road.  [Gardner v. St. Joseph, 96 Mo. App. 657, l. c. 661; Burde v. St. Joseph, 130 Mo. App. 453; Rude v. St. Louis, 93 Mo. 408; Wallace v. Ry. Co., 47 Mo. App. 491; Stephenson v. Railway, 68 Mo. App. 642; Clemens v. Conn. Mut. Life Ins. Co., 184 Mo. 46; Knapp, Stout & Co. v. St. Louis, 153 Mo. 560.]

*Changes in Other Blocks.*

Gardner v. St. Joseph, supra, was a case where there had been a change in the grade of a street.  A suit was brought by property owners not abutting on the part of the street where the change of grade occurred, claiming damages by reason of such change.  The Court of Appeals held that the property owner was not entitled to recover because his property did not abut upon the street graded.  The court in the course of its opinion, among other things, said:

"It has been several times ruled in this State that before a lotowner can recover damages for an obstruction in a street, he must show that such obstruction is in that part of the street upon which his lot abuts.  [Rude v. St. Louis, 93 Mo. 408; Wallace v. Railway, 47 Mo. App. 491; Stephenson v. Railway, 68 Mo. App. 642.]  And this rule, we think, is equally applicable to a case like this where it is claimed by the lot-owner that his lot has been

rendered inaccessible by reason of an excavation in the street. His lot must abut on that part of the street excavated, otherwise he cannot complain."

VII. Appellant further contends that this proceeding is based upon an alleged illegal ordinance 9701, the purpose of which was to provide a method whereby the Circuit Court of Jackson County might be authorized to appoint a special commission to ascertain and report to the Mayor of Kansas City upon the damages, less special benefits, if any, to property, except that owned by Kansas City and the Terminal Railway Company, arising from changes in certain public highways. After defining matters of procedure the ordinance provides that said Terminal Company shall, under the conditions stated, pay the awards made by the said commission as damages to property owners affected by changes in the grades referred to. Other matters are set forth in the ordinance not necessary to be set out. Claims for damages by property owners awarded by said commission have been paid by the Terminal Company. Appellant's land was a block distant from any property affected by this ordinance, and was, as we have stated in discussing the rights of non-abutting property owners, entitled to no damages by reason of anything done under the authority of same.

*For Benefit of Railroad.*

If it be true, as contended, that the old grade of Plaza Road at the point where it intersects Wyandotte Street was made for the benefit of the Kansas City Terminal Railway Company under said Ordinance 9701, and the appellant was damaged by any changes thus made, such damages should have been adjusted and allowed as provided in said ordinance. Their consideration is foreign to the matters at issue.

This contention involves, in its last analysis, the motive of the Common Council in adopting the resolution under which the proceedings at bar were had.

*Motive.*

The general rule is that courts will not inquire into the motives of legislatures where they possess the power to act and it has been exercised as prescribed by law. This rule is especially applicable to purely legislative acts of municipal corporations. [K. C. Gunning Co. v. Kansas City, 240 Mo. 1. c. 670; Taylor v. Carondelet, 22 Mo. 105; People v. Cregier, 138 Ill. 401; Knoxville v. Bird, 12 Lea, (Tenn.) 121.] Testimony as to the motives that prompted the enactment of an ordinance cannot be considered by a court in determining whether the ordinance is reasonable or oppressive. [Bennett v. Pulaski, 52 S. W. (Tenn. Ch. App.) 913, 47 L. R. A. 278; Paine v. Boston, 124 Mass. 490; Soon Hing v. Crowley, 113 U. S. 703, 28 L. Ed. 1145; 2 McQuillin, Munic. Corp. sec. 703, p. 1527.]

VIII. Whether the appellant was entitled to damages was a question of fact for the jury, who, it appears, not only heard the evidence but personally examined the property before returning their verdict, as authorized by Section 7, Article 7, Charter of Kansas City, 1909. Thus panoplied with all of the facts necessary to an intelligent determination of the case, they found that the appellant had not been damaged and so returned in their verdict.

Question for Jury.

In the case of Kansas City v. Baird, 98 Mo. 1. c. 218, this court, in a similar case upon this point, said:

"By the charter of the City of Kansas, the jury in these cases must consist of six householders of the city, and are to be selected by the judge of the circuit court. Parties interested may submit proof to the jury, and the latter shall examine personally the property to be taken and assessed. [Art. 7, secs. 3, 6, Laws 1875, pp. 245, 247.] These charter provisions show clearly enough that in making up their verdict the jurors are to be guided by their own judgment as to damages and benefits, as well as by such information as they get from witnesses. For this reason freeholders of the city are selected. The law seeks to get persons to perform this

jury duty who are familiar with values. Why send them to examine the property unless it be that they are to make use of the information thus acquired? The jury should not be told that they may disregard the evidence before them. [City of Kansas v. Hill, 80 Mo. 523.] But they may give to the evidence such weight as they believe it entitled to receive; and in fixing the damages and benefits they may also act upon their own knowledge and judgment. The instruction is in accord with what has been said, and with the ruling in the recent case of City of Kansas v. Butterfield, 89 Mo. 646.''

This court, in Kansas City v. Bacon, 147 Mo. l. c. 279, in further discussing this question, said:

''It has been established by a long line of decisions, so numerous as not to require citation, that in law cases, aside from those where mistake, fraud, prejudice or passion manifest themselves . . . this court will not interfere by weighing the evidence on which the verdict is founded. . . . Besides, in cases of this sort now under consideration, it is to be observed that the judgment of the commissioners is not formed exclusively upon evidence submitted to them; they are required to view the premises and they have the advantage of an actual personal inspection and they are to be guided to some extent by that. . . . And unless the court is clearly satisfied that they have erred in the principles upon which they have made their appraisal there is nothing for review and their report should not be disturbed. [Kansas City v. Butterfield, 89 Mo. 646; Kansas City v. Baird, 98 Mo. 215.]''

IX. There was no irregularity in the procedure in this case. Not only in the municipal court, where the proceedings were commenced in the first instance, but in the circuit court, to which it was appealed and tried *de novo*, were the requirements of Article 7, Sections 1-8, Charter of Kansas City, 1909, conformed to, which prescribe the course to be pursued in cases of this character.

We find, upon a review of this entire record, no error authorizing a reversal, and the judgment of the trial court is therefore affirmed. All concur; *Williams, P. J.*, in the result.