KLEPAK et al. v. HUMBLE OIL & REFINING CO. et al.

No. 11596.

Court of Civil Appeals of Texas. Galveston.

Jan. 6, 1944.

Rehearing Denied Jan. 27, 1944.

216

Henry Klepak, of Dallas, for appellants.

R. E. Seagler, K. W. Gilmore, and Lester Settegast, all of Houston, for appellees.

GRAVES, Justice.

Appellants, Aeolian and Claudine Moores, as the fee simple owners of, and Henry Klepak, as their lessee under an oil and gas lease of date August 11, 1937, on Lots 17 and 18 in Block 4 of the town of Tomball, in Harris County, Texas, a municipal corporation duly incorporated June 12th of 1934, under the laws of the State, acting jointly in their personal capacities only, sued the appellees, the Humble Oil & Refining Company, a private corporation, such city or town of Tomball, along with C. F. Hoffman, its mayor, and N. B. Anderson and G. W. Brautigan, its two city commissioners, respectively, alleging and praying for these particularly-claimed rights against them in their stated capacities, to-wit:

(1). As against each and all of the appellees they declared that they as owners and lessee, respectively, of the described lots in the Tomball townsite, had, on October 1, 1937, been granted, pursuant to their petition therefor, by the Railroad Commission of Texas an affirmative right to drill a well for oil on such property, couched in these express terms:

"* * * an exception under the provisions of Rule 37 and a permit to drill well No. 1 on the Mrs. Eugenia Moores' Lots 17 and 18, Block 4, Tomball Townsite, Harris County, Texas, as shown by plat submitted, is hereby approved, and applicant is granted permission to drill well No. 1, to be spaced as follows:

"Approximately 70 feet north of the south line; 25 feet east of the west line.

"Entered at Austin, Texas, on this the 1st day of October, 1937."

(2) That such permit had been so granted appellants over the protest then made before the Railroad Commission by the appellee, Humble Company;

(3) That, notwithstanding the granting to appellants of such right to drill a well upon their property by the Railroad Commission, which they alleged to be the sole source of any authority to so drill thereon, the appellees, acting collusively, without lawful authority therefor, and with intended fraud against and purpose at the time to deprive appellants of their just and lawful and exclusive right to drill a well for oil on their own property under such permit therefor, wholly refused to recognize the validity thereof, and declined to allow appellants to so drill upon or otherwise develop their property for

oil, basing their action in so excluding them on a claimed ordinance, No. 3, which they alleged appellee City had duly passed on the 5th day of July, 1935, whereunder the appellee City had purportedly taken over the exclusive authority under its police power to regulate and control the drilling of oil or gas wells anywhere within its corporate limits—including appellants' lots; that this ordinance, in sum, forbade the honoring of such subsequently granted permit by the Railroad Commission, since it had previously districted the entire City of Tomball into designated "drilling blocks", restricting drilling for oil therein to one well upon each of such blocks, expressly making it unlawful for any well for oil or gas to be drilled upon any of such blocks, except in accordance with such ordinance, and without a permit from the City itself, which had the necessary effect of denying the appellants any right at all under their Railroad Commission permit;

(4) That such purported ordinance No. 3 of the City of Tomball was thus shown upon its face to be arbitrary, discriminatory, and void in toto, as against the appellants' declared upon right to so drill upon their own property, which the Railroad Commission permit so granted them;

(5) That such pseudo ordinance No. 3 had also been prepared by appellee, Humble Company, had been collusively passed through the joint action of that company's agents and the appellee mayor and commissioners, for the intended purpose at the time of discriminating against appellants and arbitrarily depriving them of their property, in violation of both the Federal and State constitutions, and further constituted an attempt not only to deny appellants and other owners of property in appellee townsite fair competition in the use of their holdings with other owners therein, but also to give the Humble Company exclusive rights in all the natural resources within that city—especially in its provision that wells could only be drilled thereunder by those "owning the greater number of lots within any designated drilling block", when the appellee, Humble Company, owned such greater number of lots in all the blocks so designated, thereby automatically excluding appellants, along with all other owners similarly situated.

(6) Finally, that the claimed unlawful acts of the appellees had damaged the ap-

pellants, jointly and severally, in the sums of $300,000 as actual damages and $200,000 as exemplary damages, wherefore in substance they prayed: (1) for an injunction enjoining the City of Tomball, or any of its servants, agents, and employees and officials, from enforcing or causing to be enforced ordinance No. 3; (2) for an injunction against all the defendants, prohibiting each of them from interfering with appellants' asserted right to drill an oil well on Lots 17 and 18 of Block 4; (3) for an order of the court declaring ordinance No. 3 invalid and void; and (4) for an order finding that the City of Tomball was not duly incorporated.

All the appellees interposed pleas in abatement of the cause of action so declared upon against them, upon the ground that the ordinance No. 3 was plainly neither unreasonable, arbitrary, discriminatory, nor otherwise invalid upon its face; that the Railroad Commission in the authority subsequently delegated to it by the Legislature to regulate the production of oil and gas generally in the State, was not thereby given the power to override the pre-existing fundamental law within this state that municipalities have, under their police power, the prerogative of regulating the drilling for and production of oil and gas within their corporate limits for the protection of their citizens and their property, as well as the maintenance of good government, peace, and order therein; the appellee City and its commissioners further specially excepted to the averments of appellants' declarations, additionally challenging their right, under the law, to question the validity of the incorporation of such city—in that connection pointing out that there could be no conspiracy in the circumstances between the appellee City of Tomball and Humble Company; that its ordinance No. 3 appeared from its face to be a valid exercise of its policy powers, which rendered it and its officers immune either to appellants' claims for damages against them, or to any challenge of their motives in passing the same; hence there had been an improper joinder by appellants of causes of action, as well as of defendants in the suit.

Upon a hearing before it, without a jury, the trial court not only sustained such pleas in abatement of the appellees, but also the special exceptions so separately presented by the City and its officers, and,

**218**

upon the refusal of the appellants to plead further, dismissed their suit in its entirety. From that action this appeal proceeds.

After consideration of able briefs and oral arguments from both sides, this court concludes that the judgment so rendered below was the only one that could properly have been entered in the circumstances, mainly upon such considerations as these:

■ (1) There is no dispute—nor could there properly be under the settled law—that the Railroad Commission of Texas had authority under the statute conferring that duty upon it to regulate the production of oil and gas within this state, and to issue its permits accordingly. (Vernon's Texas Civil Statutes, Oil & Gas, Title 102, Article 6029.)

■ (2) However, it is held that the Legislature—in so delegating that authority to the Railroad Commission—did not thereby intend to nor accomplish the repeal of the fundamental law theretofore, as well as subsequently, existing, that municipalities in Texas have, under the police power, authority to regulate the drilling for and production of oil and gas within their corporate limits, when acting for the protection of their citizens and the property within their limits, looking to the preservation of good government, peace, and order therein. Tysco Oil Co. v. Railroad Commission of Texas, D.C., 12 F.Supp. 195; Id., D.C., 202; Marrs v. City of Oxford (Ramsey v. City of Oxford), 8 Cir., 32 F.2d 134, 67 A.L.R. 1336.

■ (3) The challenged ordinance No. 3 of the City of Tomball is neither unreasonable, arbitrary, nor discriminatory, upon its face, hence the enforcement thereof by the City for the purposes just specified does not deprive any of its citizens (including these appellants) of their property, without due process of law. See authorities cited under (2) supra.

■ (4) Appellants' own pleadings having reflected that this ordinance No. 3 had been duly passed in regular form, within the scope of the corporate power of the appellee officers in 1935 (two years before appellant Klepak acquired his lease herein), there could have been in law no conspiracy between the appellee, Humble Company, and the city officers, nor could the motives of the latter in so passing the ordinance be inquired into. Words and Phrases, Vol. 8, Perm.Ed., page 717; Empire Theatre Co. v. Cloke, 53 Mont. 183,

163 P. 107, L.R.A.1917E, 383; Turner v. Security Plumbing Co., 165 Ga. 479, 141 S.E. 291; North Texas Gin Co. v. Thomas, Tex.Civ.App., 277 S.W. 438; Meurer v. Hooper, Tex.Civ.App., 271 S.W. 172; McQuillin Municipal Corporations, Vol. II, page 1527, Sec. 703; City of Helena v. Miller, 88 Ark. 263, 114 S.W. 237; Kansas City v. Brown, 286 Mo. 1, 227 S.W. 89; Scruggs v. Wheeler, Tex.Civ.App., 4 S.W.2d 616; Ex parte Broussard, 74 Tex. Cr.R. 333, 169 S.W. 660, L.R.A.1918B, 1091, Ann.Cas.1917E, 919.

■ (5) The City of Tomball having been thus clearly shown to have been acting within the limits of its police power in so passing and enforcing the ordinance here involved, was, in doing so, in the exercise of a purely governmental function, hence was plainly exempt from the damages claimed against it and its commissioners as a result of such official action. Ellis v. City of West University Place, Tex. Civ.App., 171 S.W.2d 178, affirmed by Supreme Court of Texas, 175 S.W.2d 396.

Since, under the undisputed record, this cause falls within the rules of law already well settled and clearly pronounced by our courts, as the given citations make plain, it is deemed unnecessary to further discuss the contentions to the contrary made upon the appeal.

The order of affirmance will be entered.

Affirmed.