ARKANSAS PUBLIC UTILITIES COMPANY *v.* HEBER SPRINGS.

Opinion delivered December 24, 1921.

1. MUNICIPAL CORPORATIONS—NOTICE TO PAY TAX—VALIDITY.—Where a notice to pay a municipal pole tax for each of four quarters of the year was served before the last quarterly payment was due, the notice was good as to the three assessments which became due prior to that time.

2. MUNICIPAL CORPORATIONS—INSUFFICIENCY OF NOTICE TO PAY TAX—WAIVER.—The fact that a deman' upon defendant for payment of a municipal pole tax was prematurely made was waived where the defendant in his answer tenders the amount of such tax.

3. MUNICIPAL CORPORATION—POLE TAX—VALIDITY.—The contention that a municipal tax upon the poles erected in the streets of a town is designed to raise revenue and not to raise a fund for regulation will not be sustained where it does not appear what are the expenses of supervision.

4. MUNICIPAL CORPORATIONS—PAYMENT OF MUNICIPAL TAX.—A municipal ordinance providing for payment of a pole tax in "cash" will be construed to mean either in money or in municipal orders, warrants or scrip, in view of Constitution of 1874, art. 16, § 10, making municipal taxes payable in town or city orders or warrants, and of Crawford & Moses' Dig. § 1993, providing that such warrants shall be receivable for all taxes, except interest tax, and for all debts due to the municipal corporation.

5. MUNICIPAL CORPORATIONS—SUFFICIENCY OF TENDER OF TAX.—A tender of municipal warrants in payment of a municipal tax after the penalty for non-payment had attached will not relieve from liability therefor.

Appeal from Cleburne Circuit Court; *J. M. Shinn,* Judge; affirmed.

*George W. Reed,* for appellant.

The notice was premature and of no effect. Ordinance No. 119 is void, as it has for its purpose the raising

of revenue and not supervision of poles. 34 Ark. 603; 43 Ark. 82; 52 Ark. 301; McQuillin on Municipal Corporations, sec. 1683. The salaries paid town officials was $72 per year, whereas the revenue demanded of appellant amounted to $106 per annum, and supervision of poles was in hands of mayor and councilmen. The case does not come within the rule in 72 Ark. 556.

Tender of a debt due a municipal corporation may be made in warrants issued by said corporation. Const. art. 16, sec. 10; C. & M. Dig., sec. 1993; 12 Ark. 721; 72 Ark. 27; 74 Ark. 498; 77 Ark. 250; 133 Ark. 90; 147 Ark. 374. When so tendered, the warrants are the same as cash. No municipal corporation shall be authorized to pass any laws contrary to the general laws of the State. Const., art. 12, sec. 4; 75 Ark. 458.

*M. E. Vinson,* for appellee.

Conceding that notice was premature as to the tax for the fourth quarter, it was still legal for the three preceding quarters for which appellant was in arrears. However, the question is raised here for the first time, which cannot be done. 103 Ark. 70; 95 Ark. 168; 105 Ark. 367; 84 Ark. 95, etc.

The ordinance gave the mayor and council power and authority to direct the marshal, street commissioners or street committee to supervise the maintenance of poles. None of the officers are paid, and it could not be expected that they would perform such services free. Police regulation of dangerous agencies using streets and alleys is highly important. 72 Ark. 556; 70 Ark. 549; 131 Ark. 306; 88 Ark. 263; 70 Ark. 28; 64 Ark. 152; 107 Ark. 174.

Ordinances producing revenue, where for the purpose of regulation, are valid. 43 Ark. 82; 5p Ark. 301; 127 Ark. 384. See also 93 Ark. 612; 72 Ark. 556; 131 Ark. 306; 41 Ark. 485; 70 Ark. 549; 147 Ark. 320.

Even though that feature of the ordinance requiring the payment of the tax in cash be void, still this would not render the whole statute invalid, nor exempt appellant from the payment of the penalty.

Humphreys, J. Appellant was convicted in the Cleburne Circuit Court, on appeal from a mayor's court, of a misdemeanor for failure to pay taxes assessed against its electric light poles under ordinance No. 119 as amended by ordinance No. 148 of the town of Heber Springs, from which judgment of conviction an appeal has been duly prosecuted to this court. The ordinances assessed a tax of 25 cents per year on each pole erected, kept, maintained and used on the streets, alleys and public places in said town for business purposes to cover the expense of control and regulation thereof. Section 1 of ordinance 148 amended section 2 of ordinance 119, and reads as follows:

"That from and after the passage and publication of this ordinance there is hereby levied, for the purpose of the regulation as provided in section 1 of this ordinance, a tax of twenty-five cents per year on each pole kept, maintained or used in place on streets, alleys and public places in said town; and each and every person, partnership or corporation using or maintaining poles for the purpose aforesaid shall pay into the treasury of the said town to the credit of the street fund the sum of twenty-five cents in cash for each pole so maintained and used; such payment may be made in four equal installments as follows: On the first Monday in January, April, July and October of each year, and all moneys arising from such payments shall never be used for any other purpose than the inspection of the said poles and for work done or services done and materials furnished on the streets, alleys or public places of said town."

Section 3 of ordinance No. 119 reads as follows:

"That any person or corporation failing or refusing to comply with the provisions of this ordinance or failing or refusing to pay any installment of such tax as provided herein, after ten days' notice signed by the mayor, served by the marshal of said town, shall be

deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding $25."

The cause was submitted to the jury upon the charge filed in the mayor's court, the notice provided for in section 3 of ordinance No. 119, the summons, the ordinances aforesaid, and the following agreed statement of facts:

"It is agreed that the ordinance under which this prosecution is had may be considered as evidence and that they were regularly ordained by the town council of the incorporated town of Heber Springs, Cleburne County, Arkansas, and duly published as provided by law.

"It is further agreed that the defendant had not on the 2d of July, 1921, paid the pole tax prescribed by said ordinance. It is further agreed that such payment has not yet been made but the defendant tendered to R. R. Morton, town treasurer of said town, the amount demanded by said town and offered to pay said sum in the warrants of town, such offer and tender being made on the 30th day of July, 1921; that notice signed by the mayor of the town of the non-payment of the said pole tax was duly served on the defendant on the 2nd day of July, 1921; that such tender has been made or held good from the time it was made; that such tender was refused because not made in cash, and that most of the poles maintained and used by the defendant in Heber Springs were erected before the passage of the ordinances under which this prosecution is had.

"It is agreed that the defendant has paid all pole tax due by it under the said ordinances up to and including the 30th day of June, 1920; and that the amount tendered by it was for four quarter years ending June 30, 1921.

"It is further agreed that the five aldermen of Heber Springs were paid a salary of $12 per annum and the mayor of Heber Springs, up to April, 1921, was paid a salary of $12 per annum, and that since the

12th day of April, 1921, the mayor of said town is paid. a salary of $50 per month and that said salaries are paid out of the general revenue funds of the town; and it is agreed that there are no other officers of said town who are paid a salary.''

Appellant's first insistence for reversal is that the notice provided for in section 3 of ordinance No. 119 as a prerequisite to the prosecution for failure to pay the assessment was premature because it was dated on July 1st and served on July 2, 1921, when the assessment was not due until the fourth Monday in July, 1921. If the notice were premature as to the quarterly assessment due on the first Monday in July, it was good as to the three quarterly assessments which became due prior to that time. Again, appellant waived the insufficiency of the notice as to the July or fourth quarterly payment by the following recitation in the agreed statements of facts: ''It is agreed that the defendant has paid all pole tax due by it under the said ordinances up to and including the 30th day of June, 1920; and that the amount tendered by it was for four quarter years ending June 30, 1921.''

Appellant's next insistence for reversal is that the ordinances are void because designed to raise revenue, and not to raise a necessary fund to pay the expenses of supervision or regulation of the poles. The proof does not show that the tax imposed on the poles exceeds the necessary expense of supervision and regulation. The only proof upon the point in the record is that prior to April, 1921, the tax levied against the poles exceeded the salaries paid the aldermen and mayor of Heber Springs, and that those officers were the only salaried officers in the town. It is true the ordinance places the direct control and supervision of poles used in the streets and alleys by all persons for business purposes in the mayor and council; but the ordinance authorizes them, by resolution, to direct the town marshal, the street commissioners or street committee to

supervise personally the erection, location, setting and placing and determination of the length and size of all such poles to be used in said town. The authority to direct them implies the power to pay them. The evidence does not show the amount paid these parties for their services, and therefore fails to show that the assessment exceeds the amount necessary for supervision.

Appellant's next contention for reversal is that the provision in the ordinance for the payment of the assessment in cash renders it void and of no effect. Article 16, § 10, of the Constitution of 1874 permits the payment of town and city taxes in town or city orders or warrants; and section 1993 of Crawford & Moses' Digest provides in part that "all city warrants, scrip, acceptances or money shall be receivable for any taxes for city purposes, except for interest tax, and for all debts due the municipal corporation by whom the same are issued, without regard to the time or date of such issuance of such warrant, scrip, acceptance or money, or the purpose for which they were issued."

The authority possessed by municipalities in this State is delegated power, which cannot be exercised contrary to the general laws of the State, but must be exercised in conformity thereto. It follows that in the construction of ordinances the laws of the State must be read into them if possible, so that they may be upheld as being in harmony with the general laws, and not stricken down as being in conflict therewith. The provision of the ordinance before us for the payment of the tax in cash may be conformed to the State law providing for the payment of municipal debts in municipal orders, warrants or scrip by construing the words "in cash" to include not only payments in currency, but in municipal orders, warrants or scrip. A cash payment may be made in any authorized medium provided for the payment of debts and is not necessarily limited to money. We so interpret the ordinance.

Lastly, appellant contends that the judgment should be reversed because he made a tender of the tax in municipal warrants. The tender was made after the penalty attached, and consequently did not relieve appellant from liability.

No error appearing, the judgment is affirmed.