ALSTADT, MAYOR *v.* ARKANSAS-MISSOURI POWER COMPANY.
4-8873                                             219 S. W. 2d 938
Opinion delivered May 2, 1949.

*Arthur Sneed, T. A. French* and *E. G. Ward,* for appellant.

*Harry L. Ponder,* for appellee.

Ed. F. McFaddin, Justice. This is an appeal by the City of Rector and its officials from a chancery decree holding void ordinance No. 223 of said city. The ordinance reads:

"AN ORDINANCE FOR THE REGULATION AND INSPECTION OF ELECTRIC LIGHT, POWER, TELEPHONE AND TELEGRAPH POLES WITHIN THE CITY OF RECTOR, ARKANSAS, AND PROVIDING A LICENSE FEE THEREFOR, FOR THE PURPOSE OF RAISING REVENUE TO DEFRAY THE EXPENSE OF SUCH REGULATION AND INSPECTION: FIXING THE TIME OF THE PAYMENT OF SAME AND PROVIDING PENALTIES FOR THE VIOLATION THEREOF:

"Whereas, the City of Rector, Arkansas, finds it necessary to regulate and inspect electric light, power telephone and telegraph poles located in streets, alleys or public grounds, and finds it necessary that a small license be charged for such regulation inspection;

"THEREFORE, BE IT ORDAINED BY THE COUNCIL OF THE CITY OF RECTOR, ARKANSAS:

"SECTION ONE: That from and after the passage, and approval and publication of this ordinance there is hereby levied for the purpose of regulation and inspection, a license fee of ten cents per month on each pole kept, maintained or used in place on the streets, alleys or other public place (except poles specified in litigation) in said city, and each person, firm, partnership or corporation using or maintaining electric light, power, telegraph or telephone poles, as aforesaid, shall pay monthly into the treasury of said city ten cents for each pole maintained, kept or used, and all money arising from said payments shall be used to defray the expenses of inspection and regulation of such poles and for no other purpose, provided the license fee for remainder of the month shall be prorated.

"SECTION TWO: That the license fee herein levied shall be due and payable on the first day of each month hereafter, and any person, firm, partnership or corporation, their agent, representative or manager who shall fail or refuse to ˙pay the license fee herein levied, within ten days after the due date thereof, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not to exceed $25.00, and each day that any such person, firm, partnership or corporation, their agent, representative or manager, shall fail to pay such license fee shall constitute a separate offense, and moreover, the amount of such license fee may be recovered in a civil action in any court having competent jurisdiction.

"SECTION THREE: It is hereby made the duty of the City Marshal to make inspection as often as deemed necessary, of all poles, wires and conduits (except poles specified in litigation) and ascertain whether their condition is dangerous to the lives, limbs, health, comfort or quiet of the public, or dangerous to the safety of property, and report the result of such inspection to the Mayor of said City.

"SECTION FOUR: That all ordinances, or parts of ordinances in conflict herewith are hereby repealed, and it being necessary for the public health and safety of said city that this ordinance take effect and be in force at once, an emergency is hereby declared and this ordinance shall take effect and be in full force from and after its passage, approval and publication."

The appellee, Arkansas-Missouri Power Company, is a public utility serving the City of Rector; and brought this suit in equity against the appellants (defendants below), being the City of Rector and its mayor and other officials, to enjoin the enforcement of the ordinance No. 223. The complaint alleged, *inter alia:* "That said ordinance is void and unenforceable because it undertakes to evade the law and provides a li-

cense fee for the inspection of certain poles, and that the same is unfair, unjust and arbitrarily fixed, and is not for the purpose of inspection of the poles of plaintiff, but is for the purpose as stated in the preamble of said ordinance, 'for the purpose of raising revenue' only. Said ordinance is void for the reason that the fee charged is exorbitant, and it is apparent from the face of the ordinance that the same was passed for the purpose of producing revenue, which purpose is without authority of law, and for which reason the ordinance is void.''

The appellees (defendants) by answer admitted the passage of the ordinance, but denied all other allegations of the complaint. Without requiring the introduction of any evidence, the Chancery Court held the ordinance to be void, and perpetually enjoined its enforcement.

The decree of the Chancery Court should be reversed. We have repeatedly held that under its police powers a municipality may levy a tax on poles, with the proceeds of the tax to defray the expense incurred by the city in inspecting the poles and wires for the safety of the public. See Fort Smith v. Hunt, 72 Ark. 556, 82 S. W. 163, 66 L. R. A. 238, 105 Am. St. Rep. 51, and Ark. Public Utilities Co. v. Heber Springs, 151 Ark. 249, 235 S. W. 999. The ordinance here under attack proposes to act within such police power. Of course, under the guise of an inspection fee, a municipality cannot camouflage a revenue measure. In City of Fayetteville v. Carter, 52 Ark. 301, 12 S. W. 573, 6 L. R. A. 509, Mr. Justice BATTLE stated the rule in this language:

''The power to license and regulate granted by the statute was conferred solely for police purposes; and municipal corporations have no right to use it as a means of increasing their revenues. They can require a reasonable fee to be paid for such a license. The amount they have a right to demand for such fee depends upon the extent and expense of the municipal supervision made necessary by the business in the city or town where it is licensed. A fee sufficient to cover the expense of issuing the license, and to pay the expenses which may

be incurred in the enforcement of such police inspection or superintendence as may be lawfully exercised over the business, may be required. It is obvious that the actual amount necessary to meet such expenses cannot, in all cases, be ascertained in advance, and that 'it would be futile to require anything of the kind.' The result is, if the fee required is not plainly unreasonable, the courts ought not to interfere with the discretion exercised by the council in fixing it; and unless the contrary appears on the face of the ordinance requiring it, or is established by proper evidence, they should presume it to be reasonable.''

In the case at bar there was no testimony offered, so there is no evidence to support the chancery decree which found the ordinance to be void. It is not void on its face, since—as heretofore stated—the city possesses the power to enact such an ordinance, and there was no showing that the ordinance was other than a police measure. We reverse the decree and remand the cause to the Chancery Court, with directions to dissolve the injunction; and also to dismiss the complaint, unless plaintiff elects to offer proof, in which event the defendants will of course be allowed to offer such evidence as they desire, and a decree may then be rendered in regular course.