Russellville, Town of v. White.

---

## RUSSELLVILLE, TOWN OF v. WHITE.

HOTEL: *Power of municipal corporation to license.*
  The power to regulate hotels given to municipal corporation by act of March 9, 1875, includes the power to license as a means of regulating.

APPEAL from *Pope* circuit court.
Hon. W. D. JACOWAY, Circuit Judge.

*C. B. Moore*, attorney general for the State.
The power to *regulate* includes the power to license. - *Sec. 17, Acts 1874–5, p. 9 and 10; Allerton v. Chicago, Am. Law Reg., Vol. 20, N. S., p. 473; Cincinnati v. Bryson, 15 Ohio, 625, and cases cited.*

*W. C. Ford,* contra.
The power to "regulate" does not include the power to "license, tax, etc.," as used in other portions of the act. The legislature expressly gave cities power "to regulate, tax, license or suppress" other occupations, but only to "regulate" hotels. These words have a well defined meaning in law.—*1 Dillon on Mu. Corp., sec. 357 to 361 (3d. Ed.); Martin ex parte, 27 Ark., 467; 33 Ark., 436.*

ENGLISH, C. J.   H. F. White was charged before the mayor of Russellville with keeping a hotel or place of public entertainment within the limits of the town without obtaining license as required by an ordinance of the town council.

He admitted that he kept a hotel without license as alleged, but denied the power of the town to pass the ordinance requiring hotel keepers to obtain license.   The mayor fined him $10, and he appealed to the circuit court, where a demurrer was sustained to the charge, and he was discharged and the town appealed.

The seventeenth section of the act of March 9, 1875, gives to municipal corporations organized under the act, power to regulate hotels and other houses for public entertainment.

It has been decided that the power to regulate includes the power to license as a means of regulating.   *Allerton v. Chicago, 20 Am. Law Register, 473 and notes; Chicago Packing and Provision Co. v. City or Chicago, 88 Ill., 221, and cases cited.*

Reversed and remanded with instructions to the court below to overrule the demurrer to the charge, and for further proceedings, etc.