## NEVADA COUNTY *v.* DICKEY.

### Opinion delivered April 28, 1900.

COUNTY—LIABILITY TO REFUND PURCHASE MONEY OF TAX LAND.—Upon failure of title of land forfeited for taxes and sold by the state, and conveyed to the purchaser by quitclaim deed from the state land commissioner, the county, which received 60 per cent. as its share of the purchase money, is not liable to refund same to the purchaser. (Page 161.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

### STATEMENT BY THE COURT.

The appellee bought of the state, through the state land commissioner, forty acres of land at $1.25 per acre, and received a deed therefor from the land commissioner, which conveyed to him whatever interest the state had in the land. The land had been certified to the land commissioner as forfeited to the state for the nonpayment of taxes. It proved to be United States government land, not subject to taxation. Of course, the assessment for taxation and forfeiture thereon were void, and no title passed to the appellee by virtue of the sale of the tract to him by the land commissioner. The appellee filed in the county court of Nevada county his claim for $30, 60 per cent. of the amount of the purchase money paid for the land, which, under the statute, went to the county. The county court refused to allow the claim, from which he appealed to the circuit court, which allowed the claim, and the county appealed to this court.

*W. V. Tompkins*, for appellant.

Sand. & H. Digest, § 4569, authorizes only a quitclaim deed. 49 Ark. 275. Under a quitclaim deed the grantee has no remedy against the grantor for failure. 3 Kerr, Real Prop. 2322. This case does not fall within Sand. & H. Dig., § 6700, requiring *taxes erroneously paid* to be refunded. Counties are *quasi* corporations of limited powers, and are not liable beyond these by any implication. 26 Ark. 39; 49 Ark. 140. Appellee voluntarily paid the money, and can not now receive it back. 65 Ark. 155.

HUGHES, J., (after stating the facts.) We find no provision in our statute authorizing the county to refund the purchase money of lands sold by the state, the title to which has failed by reason of the fact that the land was forfeited to the state upon an assessment of it for taxation which was void. Sections 6700, 6701, Sand. & H. Dig., do not apply to this case. The state did not warrant the title, and gave only a

quitclaim deed to 'the land. Section 4569, Sandels & Hill's Digest, same as section 4246 Mansfield's Digest, referred to in the case of *Scott* v. *Mills*, 49 Ark. 275·

Under a quitclaim deed a grantee cannot recover the purchase money, upon failure of title. 3 Kerr on Real Property, p. 322. It is sometimes thought that in such case the grantee has or should have strong equities to have his purchase money money refunded. While this may be so, there is no provision of law allowing it. Counties have been said to be *"quasi* corporations possessing no power and incurring no obligations save those especially conferred or imposed by statute." *Granger* v. *Pulaski County*, 26 Ark. 39.

The judgment of the circuit court is reversed, and the action is dismissed.