## BREWSTER *v*. PINE BLUFF.

Opinion delivered December 14, 1901.

MUNICIPAL ORDINANCE—VEHICLE LICENSE.—Under Sand. & H. Dig., § 5139, empowering municipal corporations to regulate all carts, wagons, etc., kept for hire, a city ordinance requiring an annual license fee of $12 for each dray and $20 for each two-horse wagon is not unreasonable, though the evidence shows that the amounts prescribed are greatly in excess of the amount required for the expense incident to the issuing and recording of the license, if it does not appear that the sums would be more than necessary for police regulation.

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*D. H. Rousseau,* for appellant.

The tax was manifestly imposed for revenue, and is invalid. The evidence in this case shows the amount necessary as expense of keeping records, etc., incidental to the licensing of vehicles; and in the case at bar differs from previous Arkansas cases. 34 Ark. 603; 35 Ark. 352; 43 Ark. 82; 52 Ark. 301. The license tax imposed should not exceed the amount necessary to defray the expenses of enforcing the ordinance. 43 Ark. 83; 9 Biss. 552. As to distinction between taxing power and police power, see Dill. Mun. Corp. §§ 357, 61, 768, 359. The amount imposed was not necessary for the regulation of traffic, and the ordinance is not a valid police regulation. 22 Fed. 701.

*Irving Reinberger,* for appellee.

The presumption is that the fee is reasonable, until the contrary appears. Dill. Mun. Corp. § 358; 52 Ark. 301; 64 Ark. 155. The mere fact that the sum required as a license is in excess of the expense of issuing it does not render it invalid as a police regulation. 16 Wis. 566. The facts are undisputed, and the chancellor's finding will not be disturbed unless the evidence clearly fails to support it. 44 Ark. 216.

WOOD, J. This suit was brought by appellant for himself and others to test the validity of the following ordinance passed by the council of the city of Pine Bluff, to-wit:

"Section 354. Every person engaged in running any dray, wagon or other vehicle, hauling passengers, wares, goods, merchandise or other freight of any kind for hire in this city, shall be required to pay for such privilege an annual license fee of twelve dollars for each dray and twenty dollars for each two-horse wagon or other vehicle so operated, and in default of the payment of such license fee shall, on conviction, be fined in the sum of twenty-five dollars. Every such license issued by the city clerk shall be numbered consecutively, and shall be for but one vehicle, and the clerk shall, at the expense of the city, furnish to the person licensed a number cut out of tin or other metal with figures not less than one and one half inches in height and of proportionate width, which number shall correspond with the number of the license, and shall be affixed to and kept conspicuously displayed on the vehicle so licensed during all the time such license is in force. A failure to keep such number displayed shall subject the person holding such license to a fine of not less than five dollars for each day of such failure."

The appellant contended that the ordinance was for the purpose of raising revenue for the city. The appellee contended that it was for the purpose of defraying the expense of issuing and recording the license, and for the purpose of police regulation. The ordinance was within the express power conferred upon municipalities by the legislature. Sand. & H. Dig., § 5139. We cannot say upon the face of the ordinance that the license fees prescribed are unreasonable. There was proof pro and con, but we think the finding of the chancellor was not clearly against the preponderance of the evidence. There was ample proof to sustain

a finding that the purpose of the ordinance was for regulation, and not for revenue. The conditions of travel and traffic in the city of Pine Bluff, according to the proof, justified police supervision over the vehicles named. While it appears from the evidence that the amounts prescribed would be greatly in excess of the amount required for the expense incident to the mere issuing and recording the license, it does not appear, by a manifest preponderance of the evidence, that the sums are more than are necessary for police regulation. See following cases: *Fort Smith* v. *Ayers,* 43 Ark. 82; *Russellville* v. *White,* 41 Ark. 485; *Fayetteville* v. *Carter,* 52 Ark. 301; *Hot Springs* v. *Curry,* 64 Ark. 155.

Affirmed.