PINE BLUFF TRANSFER COMPANY *v.* NICHOL.

Opinion delivered October 27, 1919.

1. AUTOMOBILES—CARRIERS OF FREIGHT AND PASSENGERS—TAX UPON. —Act 408 of 1919, authorizing the levying of a tax in Jefferson County upon automobiles carrying passengers and freight, *held* valid.

2. COUNTIES—CIVIL ENTITY.—A county is a civil division of a State for political and judicial purposes.

3. AUTOMOBILES—TAX ON CARRYING CAPACITY.—A tax is valid on motor driven vehicles, levied by Jefferson County, under act 408 of 1919, based on carrying capacity.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Coleman & Gantt,* for appellant.

1. The act is unconstitutional and void. It is really a revenue measure and is unjust, unreasonable and discriminatory and is therefore void. It undertakes to delegate to the county judge the power to fix and levy the tax and to regulate the highways and fix a license fee contrary to article 7, section 28, Constitution. 6 R. C. L. 378-381.

2. It is class legislation. 102 Ark. 131; 112 Ill. App. 94.

3. It is discriminatory. 85 Ark. 509, 513; 110 *Id.* 204; 117 *Id.* 54; 75 *Id.* 542; 113 N. C. 697; 22 L. R. A. 472.

4. The Legislature can not delegate its power of taxation. 6 R. C. L. 164; 35 Ark. 64; 72 *Id.* 195; 120 *Id.* 277; 1 Cooley, Taxation (3 Ed.), 99; 92 Pac. 604; 98 N. E. 620; 37 Cyc. 725; 120 Ark. 277-286.

5. The rate must be fixed. An undetermined tax is no tax. 1 Cooley on Tax. (3 Ed.), 557; 104 Pac. 1055. See also 50 Atl. 475; 6 R. C. L. 168.

6. The act is void because it authorizes the county judge to regulate the use of highways, which is exclusively under the jurisdiction of the county court. Art. 7, § 28, Const.; 103 Ark. 571; 107 *Id.* 165.

7. Appellees should be restrained, as at the beginning of the year each of the appellants paid the fee required for a license. K. & C. Digest, § 6446; 238 U. S. 482.

*Sam W. Trimble,* for appellee.

1. The act is not unconstitutional nor void. 85 Ark. 171; 56 *Id.* 485; 92 *Id.* 612; 119 *Id.* 314; 70 *Id.* 549; 13 *Id.* 752; 46 *Id.* 475; 3 *Id.* 436.

2. It is not unreasonable, unjust nor discriminatory. Cooley on Taxation, pp. 75-77; 134 U. S. 594; 86 N. W. 1070; 68 L. R. A. 788; 1 L. R. A. (N. S.) 215; 170 U. S. 283.

3. There is no delegation of the power of taxation to the county judge, but to counties for their existence and

maintenance.  13 Ark. 752; 44 *Id.* 134; 46 *Id.* 479; 70 *Id.* 549; 124 *Id.* 346.

4.  County judge is merely empowered to regulate the care of highways under our Constitution.  113 Ark. 40; 8 Am. Enc. Law, 22; 194 U. S. 194; 311 *Id.* 117; 209 U. S. 123; 70 Ark. 549.

### STATEMENT·OF FACTS.

The Pine Bluff Transfer Company and others brought this suit in equity against C. M. Nichol, collector of Jefferson County, Arkansas, to enjoin him from collecting certain license fees on automobiles under act 408 entitled "An Act to Regulate the Use of Motor Vehicles Upon Public Highways in the County of Jefferson, State of Arkansas, and for Other Purposes," approved March 27, 1919, on the ground that said act is unconstitutional and void.

The complaint admits that some of the plaintiffs are operating motor vehicles upon the streets of Pine Bluff in Jefferson County and upon the highways of said County for the purpose of transporting freight and passengers for hire; but they allege that others of the plaintiffs are only transporting their own freight to their own customers.

The complaint also admits that the license fee for the privilege of operating such motor vehicles upon the highways of said county or upon the streets of the city of Pine Bluff in said county is based upon the carrying capacity of the vehicles as follows:

| "Capacity. | License Fee. |
|---|---|
| 1 ton or less | $ 10.00 |
| 1½ tons to 2 tons | 25.00 |
| 2 to 3 tons | 50.00 |
| 3 to 3½ tons | 75.00 |
| 4 to 5 tons | 100.00 |
| 5 to 6 tons | 100.00 |
| All jitney cars, all rented or commercial cars | 25.00" |

The court sustained a demurrer to the complaint, and, the plaintiffs declining to plead further, their com-

plaint was dismissed for want of equity.   The plaintiffs have appealed.

HART, J., (after stating the facts).   The correctness of the chancellor's holding depends upon the constitutionality of act No. 408, approved March 27, 1919. Section 1 of the act provides, in substance, that all persons, partnerships, or corporations owning or operating motor vehicles upon the public highways of Jefferson County for the purpose of transporting freight or passengers for hire shall be deemed public carriers.

Section 3 provides that the county judge of Jefferson County shall be authorized and directed to fix a reasonable license fee for the privilege of operating any of said vehicles of not less than $10, nor more than $150 for each vehicle, taking into consideration the kind and character of the vehicle, the number of passengers to be carried, or the volume of freight to be transported by said vehicle.

Section 5 provides for the collection of the license fees by the collector of the county.

Section 6 provides that all funds derived from the license fees shall be applied to maintaining and improving the roads over which said vehicles are operated.

Section 9 provides that all persons, partnerships, or corporations, owning or operating motor vehicles for the purpose of hauling gasoline, oil, merchandise, meats, produce, logs, lumber, timber, staves, bolts, and manufactured timber products exclusively, over the public highways of Jefferson County shall be deemed public carriers.

(1)   From a case note to 129 Am. St. Rep. at p. 284, in a discussion of the constitutional limitations on statutes of this kind, we quote the following:

"There is nothing unreasonable in such taxation, so long as it is not discriminatory nor so heavy as to be oppressive, for the use of vehicles tends to the detriment of streets, and in fact that is the occasion for their construction and maintenance.   The tax is not, accurately

speaking, on the vehicle, but on the privilege of using it in the street, and hence the tax is not open to attack as double taxation. Neither can it be assailed as an unwarranted interference with the right of citizens to use the public thoroughfares. Taxes of this kind are aften graduated according to the number of horses required to haul the vehicle, or the number of passengers it carries; and there is no constitutional objection to this classification so long as it keeps within reasonable bounds.''

In the case of *Fort Smith* v. *Scruggs,* 70 Ark. 549, it was held that the Legislature might authorize a municipality to levy a tax on the privilege of driving vehicles upon its public streets. It is further held in that case that a statute requiring persons keeping and using wheel vehicles in a city to pay a tax for that privilege, such taxes, when collected, to be appropriated exclusively for repairing and improving streets, does not authorize double taxation, although such property is also assessed in proportion to its value, and a tax levied thereon. The court said:

''The license fee imposed is, then, not a tax upon property, but is in the nature of a toll for the use of the improved streets. In other words, it is the privilege of using vehicles on the improved streets, and not the vehicle itself, that is taxed. We are therefore of the opinion that the statute is not subject to the criticism that it authorizes double taxation, and the contention of the defendant on that point must be overruled.''

In *State* v. *Lawrence* (Miss.), 66 So. 745, Ann. Cas. 1917 E., p. 322, it was held that an act imposing a tax for the privilege of driving motor vehicles, is a pure privilege tax, and hence is not bad because there is a lack of uniformity applying only to *ad valorem* taxes. The court further held that the Legislature has full power over public roads, and can provide means by which they are to be improved and that imposing a privilege tax upon motor vehicles for the use of public roads and directing payment thereof into the road fund does not render the act invalid.

*In re Harry S. Kessler* (Idaho), 146 Pac. 113, L. R. A., 1915 D., p. 322, it was held that a license tax on motor vehicles for revenue purposes graduated according to the power of the machine does not violate a constitutional provision that all taxes shall be uniform upon the same class of subjects, since that provision does not apply to license fees.

In *Hendrick* v. *State of Maryland,* 235 U. S. 610, the Supreme Court of the United States held that, in the absence of Federal legislation upon the subject, a State may rightfully prescribe uniform regulations necessary for the public safety and order in respect to the operation upon its highways of all motor vehicles, including those moving in interstate commerce, and to this end may require the registration of such vehicles, charging therefor reasonable fees graduated according to the horse power of the engines; and this does not constitute a direct and material burden on interstate commerce. The holding in these cases is in accord with our own holding in the case of *Fort Smith* v. *Scruggs, supra.* In the last mentioned case the court said that the subject-matter of the statute comes within the general lawmaking power of the Legislature, and that our Constitution specially provides that the Legislature shall have power to tax privileges in such manner as may be deemed proper, citing the Constitution of 1874, art. 16, sec. 5, and art. 2, sec. 23.

Article 16, section 5, provides, in substance, that all property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. It provides further that the General Assembly shall have power to tax hawkers, peddlers, ferries, exhibitions and privileges in such manner as may be deemed proper.

Article 2, section 23, provides that the State's right of eminent domain and of taxation is herein fully and expressly conceded; and that the General Assembly may delegate the taxing power, with the necessary restriction, to the State's subordinate political and municipal corpora-

tions to the extent of providing for their existence, maintenance and well being, but no further.

In the case of *Fort Smith* v. *Scruggs, supra,* the court held that this section of the Constitution has conferred upon municipalities the power to tax privileges. In the case at bar the power was delegated to the county judge. This brings us to a consideration of the question of whether the county is a subordinate political corporation of the State within the meaning of that clause of the Constitution just quoted above. In *Granger and Wife* v. *Pulaski County,* 26 Ark. 37, the court said:

"Counties are a political division of the State government, organized as part and parcel of its machinery, like townships, school districts and kindred sub-divisions. They do not derive any corporate powers they possess by a special charter. Their functions are wholly of a public nature, and their creation a matter of public convenience and governmental necessity, and in order that they may the better subserve the public interest, certain corporate powers are conferred on them." Continuing the court referred to counties as *quasi* corporations.

(2)  Blackstone defines a county to be a civil division of a State for political and judicial purposes. Lewis' Blackstone's Com., vol. 1, pp. 113-116.

Professor Kent says: "A county is a public corporation, created by the government for political purposes, and invested with subordinate legislative powers, to be exercised for local purposes connected with the public good, and such powers are in general subject to the control of the Legislature of the State." 2 Kent, Com., 275.

These definitions were approved by the court in the case of *Patterson* v. *Temple,* 27 Ark. 202. Upon the subject the court said:

"The powers and privileges conferred upon counties are more limited and simple in their operation than upon towns. But though the amount and distribution differs, the nature of the power conferred on each, and the object of granting them, are the same. They belong exclusively to the class that relate to the general concerns of the peo-

ple, in their public, civil and political interests, in a word, to the good government of the place. It is only necessary to look into the internal organization of the counties, villages and cities, as defined and regulated by law, to confirm the general correctness of these observations.''

Again in *Henry* v. *Steele, Judge,* 28 Ark. 455, the court said that a county is a public corporation created for governmental purposes. In *Cole* v. *White County,* 32 Ark. 45, the court recognized that counties are component and essential parts of the State and the necessary agents of its government.

In *Eagle* v. *Beard,* 33 Ark. 497, the court said that counties are not in any respect business corporations for private purposes, but that they are of a purely political character, and through them justice is administered, the revenue collected, and the local police rendered effective. To the same effect see *Nevada County* v. *Dickey,* 68 Ark. 160.

(3) Thus it will be seen that our court recognizes counties to be political corporations or *quasi* corporations, and we think that under the clause of the Constitution last quoted, the act in question is valid. The tax imposed is not unreasonable and oppressive. The classification made by the Legislature was a reasonable and proper one. The license fee was graduated according to the kind and character of the vehicle, the number of passengers to be carried, or the volume of freight to be transported by the vehicle. Such a classification is sustained as reasonable by the authorities above cited. See, also, *Brewster* v. *Pine Bluff,* 70 Ark. 28, and *Willis* v. *City of Fort Smith,* 121 Ark. 606.

Therefore, we are of the opinion that the statute is not unconstitutional and that the chancery court did not err in dismissing the complaint for want of equity.