## COOK v. PANICH.

Opinion delivered December 22, 1930.

*Price Shofner,* for appellant.

*G. E. Garner,* for appellee D. D. Panich; *George A. McConnell* and *Graham R. Hall,* for appellee Continental Credit Company.

HUMPHREYS, J. The issue involved on this appeal is whether a purchaser of personal property at a void tax

sale thereof can recover his purchase money for failure of his title. After appellant, as collector of taxes for Pulaski County, had sold certain machinery situated in a building known as the Twin City Ice Company in North Little Rock, Arkansas, to D. D. Panich for the tax assessed against it for the year 1928, amounting to $755.25, including penalty and costs, and, after having received the money and receipted for same, he instituted this action on May 7, 1930, to establish a lien upon said machinery and again recover the taxes, penalties and costs for the year 1928, wherein he made the appellees herein parties defendant.

Appellee, D. D. Panich, filed a separate answer and cross-complaint, praying for the return of the money he paid at the tax sale, in which he alleged that appellant by deputy levied a tax lien upon and sold the machinery to him and retained his money, notwithstanding the title he sought to purchase failed.

On the 3rd day of May, 1930, appellant entered an agreement with appellee, Continental Credit Company, to release the machinery from the tax levy and allow the removal of same, upon it depositing $645, the correct amount of taxes claimed to be due thereon less penalty and costs, which amount should be held in lieu of the machinery pending the determination of the tax liability thereon.

On the 16th day of May, 1930, said Continental Credit Corporation filed an answer in which it denies that taxes were extended for the year 1928 based upon the assessment of the ice machinery by the receiver for the Morgan Utilities, Inc., or that any taxes were extended for the year 1928 against said machinery, or that the assessor of Pulaski County, or any other person, made a delinquent assessment on the property, or that D. D. Panich was purchaser at a tax sale of the machinery, or that appellant retained any money that D. D. Panich paid to purchase the machinery at the tax sale.

On July 29, 1930, the cause was submitted to the court on the pleadings and testimony resulting in a finding that the sale of the machinery to D. D. Panich was illegal; that he was entitled to a return of the penalty and costs amounting to $124; and rendered a decree dismissing the cross-complaint of D. D. Panich for a return of that part of the purchase money paid for taxes assessed against the machinery and also dismissing appellant's complaint against appellee, Continental Credit Corporation.

The parties to the suit stipulated that the tax sale of the machinery for the taxes of 1928 which D. D. Panich purchased was void.

The record reflects that the machinery brought $755.25 at a void tax sale, the amount of the taxes, penalties and costs; that said amount was paid to appellant and a receipt issued therefor.

The record contains testimony tending to show that D. D. Panich bought the property at a void tax sale for Morgan Utilities, Inc., in whose name the property was first assessed and who claimed to be the owner thereof at the time same was assessed and also when same was sold for the alleged delinquent taxes for 1928. Treating him, however, as a stranger to the title of the machinery when he purchased same at the void tax sale, and treating the money he paid therefor as his own, he was not entitled to a return of any part of the purchase money when his title failed. In this State the doctrine of *caveat emptor* applies in its full force and effect to purchasers at an invalid tax sale. The rule bars a purchaser at a void tax sale from recovering any part of his purchase money upon the theory that he is speculating as to the genuineness of the title upon a very small investment. *St. L. I. M. & S. Ry. Co.* v. *Alexander,* 49 Ark. 190, 4 S. W. 753; *Nevada County* v. *Dickey,* 68 Ark. 160, 56 S. W. 779.

The decree refunding $124 of his purchase money to D. D. Panich is reversed, and his action therefor is dismissed. In all other respects the decree is affirmed.