NESLER *v.* PARAGOULD.

Crim. 3831

Opinion delivered April 3, 1933.

*Wm. F. Kirsch,* for appellant.

*Jeff Bratton,* for appellee.

BUTLER, J. This case was tried before the circuit court, sitting as a jury, on an agreed statement of facts, from which it appeared that the appellant, Nesler, is engaged in the grocery business in the city of Paragould, and, incident thereto, makes exclusive use of a one-half ton inclosed truck making deliveries to customers, for which no extra charge is made over and above the price charged customers who buy at the counter and themselves carry away the merchandise. Appellant had been charged as a license fee $5 under city ordinance No. 416, which was amendatory of city ordinance No. 406, and which provided that all persons, firms or corporations, except persons, etc., paying dray license on automotive vehicles, who owned and used other motor vehicles, should pay a privilege license of $5. In addition to this, there was demanded of appellant an additional $5 on said delivery truck under ordinance No. 417, which he declined to pay, and this action was brought for a violation of that ordinance. The court found the appellant guilty and assessed a fine against him, from which judgment is this appeal.

The question presented involves the validity of § 10 of ordinance No. 417. This ordinance, by its title, purports to be "an ordinance to license and to regulate

all persons, firms and corporations engaged in any of the following vocations, callings or businesses within the city limits of the city of Paragould, Arkansas.'' Section 1 of the ordinance makes it unlawful for any person, etc., to engage in or pursue any of the vocations, callings or businesses thereinafter named in the ordinance without having first obtained a city license, etc. Then follow thirty-six sections naming various callings and vocations, such as livery stables, patent medicine vendors, and fixing license fees. It practically covers all of the callings that could be imagined in which one would engage in a city the size of Paragould.

Section 9 of the ordinance fixed the license fee in varying amounts for horse drawn and automotive vehicles used for draying purposes. Section 10 reads as follows:

''For each person, firm or corporation operating delivery wagons or motor vehicles for delivery purposes the licenses shall be as follows:

''For each two-horse wagon $5 per annum.

''For each one-horse wagon $3 per annum.

''For each one-half ton truck $5 per annum.

''For each additional half-ton $5 per annum.''

It is this section which is questioned in the instant case.

The appellee seeks to find authority for the enactment of this section under the provisions of § 7529 of Crawford & Moses' Digest, which provides in part as follows: ''They shall have power * * * to regulate the transportation of articles throughout the streets and to prevent injury to the streets from overloaded vehicles,'' and § 7606, *Id.*, which provides that ''the city council shall have the care, supervision and control of all the public highway bridges, streets, alleys, public squares and commons within the city; and shall cause the same to be kept open and in repair, and free from nuisance,'' and under § 7618, *Id.*, by which cities of the first and second class are authorized to enact ordinances for classified occupation tax or license.

The right to enact ordinances is a power conferred on municipal corporations by legislative grant; and therefore its authority to legislate is limited to the authority

found in an express grant of power, or which is necessarily implied in the express grant in order to make effective the attainment of the purpose for which the express authority is given. *Argenta* v. *Keath,* 130 Ark. 337, 197 S. W. 686. It follows, therefore, that, unless the authority to enact § 10 of ordinance No. 417 is to be found in the sections noted either expressly conferred or arising from necessary implication, the city council is without power, and § 10 of the ordinance is invalid.

Counsel for appellee insists that the delivery by a retail grocer of the purchases made to his customers in a vehicle constitutes a business and comes within the meaning of § 7618, *supra,* and that, as he says, the vehicles necessarily occupy the streets to a greater extent than vehicles operated by other persons; that the wear and tear on the streets from their use is a matter of importance which may be considered by the council and the use of delivery trucks adds to the police duties of the city in directing traffic; that for these reasons that part of § 7529, *supra,* and § 7607, *supra,* are applicable. We are of the opinion that neither of the sections relied upon by the appellee warrant the contention made. The appellant was engaged in a retail grocery business, and the delivery of the purchases made by his customers was merely an incident to the business itself and could in no just sense be deemed to be a separate business. Section 7618, *supra,* as before stated, provides for a classified occupation tax or license fee for the privilege of conducting any business within the city. This is not the nature of the ordinance under consideration, but undertakes to impose license fees on certain specific callings permitted by various statutes. We think that part of § 7529, *supra,* relied upon, has no application, for it manifestly refers to the transportation of articles of an unusual character which, either from their weight or some inherent quality, might work injury to the streets or inconvenience or might endanger the public.

Section 7607, *supra,* relied on, relates merely to the supervision and control of the public ways, and gives authority to the city to keep them open, in repair and free from nuisance and can have no bearing on the ques-

tion before us. The city council has authority under § 7532 of Crawford & Moses' Digest to regulate and license wheel vehicles kept for hire. This section would have no application, for appellant operates no vehicle for hire, but uses his truck in connection with his business as a retail grocer.

By § 7444 of the Digest authority is conferred on the city to require its residents to pay a tax not to exceed $5 per annum for each motor vehicle operated, and the appellee has exercised that power under ordinance No. 416 amendatory of ordinance No. 406, and appellant has offered to comply with these provisions. It appears that the city's right to tax motor vehicles not used for hire is limited by § 7444, *supra*, and the burden sought to be imposed upon the appellant for the use of his truck in addition to the $5 prescribed by § 7444 is invalid and cannot be sustained.

The judgment of the trial court is therefore reversed, and the case against the appellant is dismissed.