TALLEY *v.* CITY OF BLYTHEVILLE.

4267                                    164 S. W. 2d 900

Opinion delivered October 5, 1942.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Percy A. Wright,* for appellee.

SMITH, J. Appellant was fined for a violation of an ordinance of the city of Blytheville requiring payment of an occupation tax to operate a taxicab service within the corporate limits of that city.

The cause was heard upon an agreed statement of facts, in which a violation of the ordinance is admitted, but it is insisted for the reversal of the judgment of the court below that the ordinance is void for the reason that there was no statute of the state authorizing the passage of the ordinance at the time of its enactment.

We said in the case of *Nesler* v. *Paragould,* 187 Ark. 177, 58 S. W. 2d 677, that "The right to enact ordinances is a power conferred on municipal corporations by legislative grant, and therefore its authority to legislate is limited to the authority found in an express grant of power, or which is necessarily implied in the express grant in order to make effective the attainment of the purpose for which the express authority is given."

The question for decision is, therefore, whether the authority has been conferred upon the city to enact the ordinance.

This power is expressly conferred by act 239 of the Act of 1931, p. 748; but the city ordinance was enacted March 27, 1921, which was ten years prior to the passage of Act 239.

It was said in the case of *Nesler* v. *Paragould, supra,* that "The city council has authority under § 7532 of Crawford & Moses' Digest to regulate and license wheel vehicles kept for hire." This section of Crawford & Moses' Digest appears as § 9601, Pope's Digest, and is a regulatory—and not a revenue—statute. It confers upon the cities and towns of the state the power, among others, "to regulate all carts, wagons, drays, hackney coaches, omnibuses and ferries, and every description of carriages which may be kept for hire and all delivery stables; . . ."

This statute was construed and upheld in the cases of *Russellville* v. *White,* 41 Ark. 485; *Fort Smith* v. *Ayers,* 43 Ark. 82; *Brewster* v. *Pine Bluff,* 70 Ark. 28, 65 S. W. 934. It was held in these cases that the act was a regulatory—and not a revenue—statute, and that the power to regulate includes the power to license as a means of regulating, but that the license fee must be reasonable and not imposed for the sole or main purpose of raising revenue.

Now, the ordinance here in question is a revenue measure, imposing an occupation tax on various businesses for the purpose of raising revenue, and authority for its enactment must be found elsewhere than in § 9601, Pope's Digest.

We think that authority appears and is found in § 9728, Pope's Digest. This section was enacted as act 294 of the Acts of 1937, p. 1045, and is entitled "An Act amending act 94 of the Acts of 1919 which permits cities of the first and second class to levy an occupation tax to include all municipal corporations, and for other purposes." This act 94 of the Acts of 1919 was in force and effect when the city ordinance here in question was passed.

The constitutionality of this act was attacked in the case of *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S. W. 769; but the grant of power to tax occupations was there upheld. A headnote to that case reads as follows: "7. Act of February 19, 1919, page 82, authorizing cities to tax occupations, authorizes the imposition of a tax, and not merely a license fee for purposes of regulation."

That this act authorized the ordinance here in question is conceded; but it is contended that this grant of power as related to motor vehicles was withdrawn by Act 62 of the Acts of 1929, p. 137.

We do not think, however, that it was the purpose of act 62 to impair § 7618, C. & M. Digest, then in force. That section was amended by act 294 of the Acts of 1937, and, as thus amended, now appears as § 9728, Pope's Digest; but the amendment does not change § 7618, C. & M. Digest, in any respect of importance in this case.

The case of *Nesler* v. *Paragould, supra,* (opinion delivered April 3, 1933) recognizes § 7618, C. & M. Digest, as being then in effect and as conferring power to impose a tax on the operator of an automotive vehicle for hire; but the owner in that case was held not to be subject to the tax for the reason that his vehicle, a one-half ton truck, was used solely and exclusively for making delivery of merchandise to his customers for which no extra charge was made over and above the price charged customers who bought at his counters and themselves carried away the merchandise which they had purchased. It was there said: "It appears that the city's right to tax motor vehicles *not used for hire* is limited by § 7444 (C. & M. Digest, *supra*), and the burden sought to be imposed upon the appellant for the use of his truck in addition to the $5 prescribed by § 7444 is invalid and cannot be sustained."

The provision of the ordinance imposing the tax reads as follows: "Service cars for hire to public, $30 per annum." This is not a tax of $30 upon each car owned and operated for hire, or a tax in any amount upon the car, but it is a license or occupation tax upon

any one engaged in the business of operating a car or cars for hire.

In our opinion § 7618, C. & M. Digest, in force when the ordinance was passed, conferred power to pass it, and the judgment of the court below will, therefore, be affirmed.