TOWN OF NEWARK *v.* EDWARDS.

4379                                                      185 S. W. 2d 925

Opinion delivered March 5, 1945.

*W. M. Thompson,* for appellant.

*Chas. F. Cole,* for appellee.

HOLT, J. An ordinance of the Town of Newark, enacted in 1919, provides: "It shall be unlawful for any person, firm or corporation to engage in the exercise of, or pursue any of the following avocations or businesses

within the town of Newark, Arkansas, without having first paid the tax hereinafter required and obtained a license therefor.'' Then follows a large number of designated businesses, including a ''general store,'' on which the tax is $6 per quarter, ''meat market or butcher shop,'' $10 per quarter, and for each ''hardware store,'' $6 per quarter.

Appellee, J. G. Edwards, paid the tax of $6 per quarter for operating a ''general store,'' but refused to pay the designated tax on a ''hardware store'' and a ''meat market or butcher shop,'' which he was operating. Two fines of $5 each, the minimum penalty under the ordinance, were assessed against appellee in the mayor's court for his refusal to comply with the provisions of the ordinance. On appeal to the Circuit Court, the court (the jury having been waived) adjudged him ''not guilty'' on either charge and accordingly discharged him. The Town of Newark brings this appeal.

Appellee says: ''The defense interposed by appellee is that he is not engaged in either of those businesses in the sense comprehended by the ordinance in question, but is engaged in the operation of a 'general store' and having paid the occupation tax on that business he is not liable for the additional taxes sought to be levied and collected by the Town of Newark. This appeal does not involve the question of whether the Town of Newark has the authority to levy occupation taxes; that power is conceded by appellee. Pope's Digest, § 9728, and Act No. 322 of 1907. The issue here involved is whether appellee, after having paid the tax levied against a 'general store,' can be required to pay an additional tax on a 'hardware store' and a 'meat market.' ''

The facts are that appellee, Edwards, after operating a general store in one building in Newark for approximately twenty years, about four years ago acquired an adjoining building, separated from his general store by a ''fire wall,'' and began operating a hardware store in this newly acquired building. About two years ago, he installed a meat market, or butcher shop, in the rear of his general store building, in which is housed his stock

of groceries and general merchandise, and has since operated this meat market in connection with and as a part of his old general store. Appellee is sole owner of these three business enterprises. His employes, or clerks, work in either of the two store buildings, wherever they are needed. Under these facts, the trial court found that "the defendant was operating a general store and one tax covers it. It is all operated under one individual and with the same employees, and he just carried different items in a 'general store.'" The court then declared defendant "not guilty." We think the court erred in so holding.

The ordinance in question here is clearly a revenue measure, imposing an occupation tax on various businesses for the purpose of raising revenue. *Talley* v. *City of Blytheville,* 204 Ark. 745, 164 S. W. 2d 900. No attempt at regulation of the various businesses is made. Authority for its enactment is conceded under § 9728 of Pope's Digest. Here, appellant has classified its merchants, or various business enterprises, for the purpose of taxation. We think it clear on the facts presented that when appellee acquired a building separate and apart from the one in which he was operating a general store and installed in this new building a stock of hardware and began the operation of this hardware store, he thereby took on a new business or occupation and became subject to the tax of $6 per quarter for conducting this hardware store.

Since the meat market is owned and operated by appellee in the rear of the building, in which he operated his general store, we hold that it became a part of appellee's business, or "general store" operations, and as such, only one tax should be imposed on, and exacted of, appellee in connection with the operation of this general store. We think, however, in the circumstances here, where two or more businesses, with different classifications for taxing purposes under the ordinance, are being operated by the same owner, in the same building as a general store, that the Town of Newark must collect from appellee the highest tax imposed on any one of the businesses embraced within appellee's general store, that it

must impose and collect when such business is operated separately. In the present case, the occupation tax on a "meat market or butcher shop" when operated separately being $10 per quarter, and that on a "general store" being only $6 per quarter, appellee must pay the higher tax, or $10 per quarter.

For the errors indicated, the judgment is reversed, and the cause remanded with directions to enter a judgment consistent with this opinion.