WSC, INC., d/b/a Wilkins Sanitation Co. *v.* The CITY OF JACKSONVILLE, Arkansas, and Tommy Swain, Mayor of the City of Jacksonville

89-276                                    789 S.W.2d 448

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Charles L. Carpenter, Jr.*, for appellant.

*Vaughan and Bamburg*, by: *Keith Vaughan*, for appellee.

OTIS H. TURNER, Justice. This case presents a challenge to a Jacksonville city ordinance levying a fee on trash collection businesses within the city. The ordinance provides for a fee or tax equal to ten percent of their "gross receipts per month for services rendered within the city limit." The chancellor found that the tax, though characterized as a privilege tax, was in fact a franchise fee arising from a contractual relationship between the parties. There was no writing evidencing a contractual relationship between the appellant, WSC, Inc., doing business as Wilkins Sanitation Company, and the city which would establish a contractual relationship. Further, we find the evidence overwhelming that the ordinance in question established a privilege tax "based upon earnings or income" in contravention of statutory authority, and we reverse.

Ordinance 523 was adopted by appellee City of Jacksonville in 1978 and established "a privilege tax of ten percent of gross revenues for each month they [commercial haulers of trash] operate within the city." The city amended the ordinance in 1987, changing the designation of the assessment from a privilege tax to a franchise fee by providing that Ordinance 523 "incorrectly stated this was a privilege tax, when in essence it was and has always been a franchise tax for the operation of commercial haulers of garbage and refuse upon the city streets and right of ways of Jacksonville."

The appellant and its predecessor, along with others, had been engaged in the commercial trash-hauling business in Jacksonville since 1978. In 1988, the appellant filed suit, seeking declaratory and injunctive relief, following the arrest of its manager for failure to pay the fees levied. The appellee counterclaimed, seeking judgment for the unpaid levies.

Following a hearing, the chancellor found that a contractual relationship existed. Further, he determined that a franchising

arrangement had been established with the enactment of Ordinance 523 in 1978 and that the designation of the assessment as a privilege tax did not alter the fact it was a franchise fee or tax.

For reversal, the appellant raises three points. Because, however, we reverse on the first issue, it is not necessary to reach the other arguments raised.

The chancellor erred in finding that Ordinance 523 was valid and enforceable and not violative of the statutory prohibition against privilege taxes based upon earnings or income.

Arkansas Code Annotated § 26-77-102 (1987) provides:

> (a) Any city council . . . of any municipal corporation in this state shall have the power to enact . . . ordinances requiring any . . . person . . . or corporation who shall engage in, carry on, or follow any trade, business, profession, vocation, or calling, within the corporate limits of the city or town, to pay a license fee or tax . . . .
>
> . . .
>
> (c) The license charged and collected shall be for the privilege of doing business or carrying on any trade, profession, vocation, or calling in the city where the trade, business, profession, vocation, or calling is situated, to take out and procure a license therefor and pay into the city or town treasury before receiving it such a sum or amount of money as may be specified by the ordinance for the license and privilege.
>
> (d) The council or boards shall have the right to classify and define any trade, business, profession, vocation, or calling and to fix the sum or amount any person, firm, individual, or corporation shall pay for the license required for the privilege of engaging in, carrying on, or following any trade, business, vocation, or calling, based on the amount of goods, wares, or merchandise carried in stock in any business, or the character and kind of trade, business, profession, vocation, or calling. *However, no classification shall be based upon earnings or income.*

(e) The council or boards shall have the full power to punish for violation of these ordinances. . . . [Emphasis added.]

*In City of Mountain Home* v. *Drake,* 281 Ark. 336, 663 S.W.2d 738 (1984), the supreme court discussed this statute, under its previous codification as Ark. Stat. Ann. § 19-4601, in connection with a municipal ordinance imposing a privilege fee according to the number of units being operated by various businesses (*e.g.,* $50 per ambulance, $7.50 per barber and beauty shop chair, $5 per billiard table, $3.50 per motel unit). The court sustained the city's argument that the ordinance was not based on income or earnings, noting: "[W]e think the statute was intended only to prohibit a tax imposed according to the earnings of a trade or business, such as a percentage of annual sales, that is, a tax specifically related to income or volume." 281 Ark. at 338, 663 S.W.2d at 740.

The court declined to speculate as to whether "a motel with six units has greater earnings than a motel with five, [for] it may well be just the reverse." The court stressed that the statute does not prohibit "any tax which takes into account the size of an enterprise, so long as the amount is not unreasonable and a reasonable relationship exists between the goods and services afforded by the city and the distinctions drawn as to size." 281 Ark. at 339, 663 S.W.2d at 740.

■ Here, the trash haulers are not being taxed on the basis of the number of vehicles or trash collection devices which they utilize within the city. Instead, the tax — irrespective of the name by which it is called — is levied directly upon the income of the involved businesses and violates the prohibition against classification "based upon earnings or income" as plainly stated in the enabling statute. It is an even more egregious example than the ordinance which we struck down in *Davies* v. *Hot Springs,* 141 Ark. 521, 217 S.W. 769 (1920). In that case, the court held that the imposition of a tax on attorneys based upon years of practice was related to income and therefore invalid. We there observed that the "length of service denotes probable earning capacity" and that "to permit a classification based on the distinction as to length of service necessarily results in a basis of earnings or income which is expressly forbidden by the statute." 141 Ark. at

530-531; 217 S.W. at 772.

The amended ordinance substitutes "gross receipts" for "gross revenues" in an effort to avoid the "earnings or income" prohibition. However, gross receipts are regulated under a different statutory scheme, found at Ark. Code Ann. §§ 26-75-201 through 26-75-801 (1987 & Supp. 1989), and subject to the limitations of the Arkansas Gross Receipts Act of 1941, as amended, found at Ark. Code Ann. §§ 26-52-101 through 26-52-1006 (1987 & Supp. 1989). The term "gross receipts" refers to the "total amount of consideration for the sale of tangible personal property" and various specifically enumerated services (which do not include the hauling of refuse). *See* Ark. Code Ann. §§ 26-52-103(a)(4), and 26-52-301 (Supp. 1989).

A taxing scheme by which the City of Jacksonville may tax licensed trash haulers operating within the municipality is available to the appellees. However, the assessment must have as its basis something other than the statutorily-forbidden sources of "earnings or income."

Reversed and remanded.