The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
You have presented the following questions for my opinion:
 (1) Do the assessment fees, application fees, and other department fees assessed by the State Banking Department on banks in the state under the authority of A.C.A. § 23-46-509 prevent or prohibit a city of the first class from assessing a municipal occupational tax or business license under the authority A.C.A. § 26-77-102 on banks conducting business within the city limits of that city?
 (2) Is there any provision in Act 89 of 1977 (The Arkansas Banking Code of 1997) that prevents or prohibits a city of the first class from assessing a municipal occupational tax or business license under the authority of A.C.A. § 26-77-102 on banks conducting business in the city limits of that city?
 (3) Is there any state law that prevents or prohibits a city of the first class from assessing a municipal occupational tax or business license under the authority of A.C.A. § 26-77-102 on any particular trade, business, profession, vocation or calling that is conducted within the city limits of that city?
RESPONSE
Question 1 — Do the assessment fees, application fees, and otherdepartment fees assessed by the State Banking Department on banks in thestate under the authority of A.C.A. § 23-46-509 prevent or prohibit acity of the first class from assessing a municipal occupational tax orbusiness license under the authority A.C.A. § 26-77-102 on banksconducting business within the city limits of that city?
It is my opinion that the fees imposed upon banks by the State Banking Department under the authority of A.C.A. § 23-46-509 do not restrict a city's authority to impose an occupational tax or license fee upon banks conducting business within the city limits.
The fees that are authorized by A.C.A. § 23-46-509 are associated solely with State Banking Department's licensure process for banks. The fee that is authorized by A.C.A. § 26-77-102 is an entirely separate and unrelated fee that cities may choose to impose upon any business operating within city limits, "for the privilege of doing business or carrying on any trade, profession, vocation, or calling in the city where the trade, business, profession, vocation, or calling is situated." A.C.A. §26-77-102(c). It may be imposed upon a wide variety of activities for which a license must also be obtained from the state for a fee, such as the practice of law, see, e.g., City of Texarkana v. Taylor,185 Ark. 1145, 51 S.W.2d 856 (1932), the brokering of real estate, see City of Texarkana v. James Mayo Realty Co., 187 Ark. 764, 62 S.W.2d 42
(1933), plumbing, see Shaw v. City of Conway, 179 Ark. 266, 15 S.W.2d 411
(1929), and even driving certain kinds of vehicles within the city, such as taxis and delivery trucks, see Talley v. City of Blytheville,204 Ark. 745, 164 S.W.2d 900 (1942) and Nesler v. City of Paragould,187 Ark. 177, 58 S.W.2d 677 (1933). The court has carefully distinguished between other taxes or license fees that may be paid to the state or other political subdivisions for these activities, and the tax or fee imposed by the city under the authority of A.C.A. § 26-77-102 for the privilege of engaging in these activities within the city. See, e.g., PineBluff Trans. Co. v. Nichol, 140 Ark. 320 (1919).
The provisions of A.C.A. § 26-77-102 impose two restrictions upon the imposition of a tax or fee that it authorizes. First, the tax or fee may not be imposed upon any person or entity who pays a tax to the city, town, or state that is calculated on the basis of income. I must note at this point that in my opinion, this restriction does not refer to persons or entities who are required to pay the state income tax. I base this view on the fact that this exception provision was added to the statute in 1919 (see Acts 1919, No. 94, § 1), long before the creation of the state income tax in 1929 (see Acts 1929, No. 118). Although it is not entirely clear what type of tax this exception language does refer to, it is clear that it could not have been intended to refer to the state income tax, which did not yet exist. The Arkansas Supreme Court took this view in City of Mt. Home v. Drake, 281 Ark. 336, 663 S.W.2d 738 (1984), in which it rejected an argument that the city's fee should not apply to one who pays income tax. The court also noted that such an interpretation would operate as a wholesale repeal of A.C.A. § 26-77-102. It is my opinion further that the assessment fee imposed by the State Banking Department does not trigger this restriction. The Banking Department's assessment fee is calculated upon the basis of each bank's assets, rather than its income. Accordingly, the income-based restriction does not apply.
The second restriction on the imposition of the tax or fee authorized by A.C.A. § 26-77-102 is that the taxing political subdivision may not create classifications of taxpayers on the basis of income. See WSC,Inc. v. City of Jacksonville, 302 Ark. 295, 789 S.W.2d 448 (1990) (fee imposed on trash collection businesses calculated on ten percent of gross receipts per month violated prohibition of classifications based on income); Davies v. City of Hot Springs, 141 Ark. 521, 217 S.W.2d 769
(1920) (imposition of fee on doctors and lawyers calculated on basis of years in practice violated the prohibition). Cf. City of Mt. Home v.Drake, 281 Ark. 336, 663 S.W.2d 738 (1984) (imposition of fee based on number of units operated — e.g., imposed on barbers based on number of chairs operated — did not violate the prohibition). In my opinion, this second restriction has no application to the question you have raised.
Because neither of the restrictions on the fee or tax authorized by A.C.A. § 26-77-102 operates to prohibit a city from imposing such a fee or tax on banks for the privilege of doing business within the city, I conclude that such a fee or tax is permissible and is not impacted by the assessment fee imposed upon banks by the State Banking Department. Cities of course must design their fees or taxes under A.C.A. § 26-77-102 so as not to violate the two restrictions. I also note that if the General Assembly had intended to exempt banks from other taxation because of the imposition of the State Banking Department's assessment fee, it could easily have done so. Indeed, it has provided for such exemptions in other situations. See, e.g., A.C.A. § 26-57-602 (expressly exempting insurers from local privilege taxes). The General Assembly has provided no such exemption for banks.
Question 2 — Is there any provision in Act 89 of 1977 (The ArkansasBanking Code of 1997) that prevents or prohibits a city of the firstclass from assessing a municipal occupational tax or business licenseunder the authority of A.C.A. § 26-77-102 on banks conducting business inthe city limits of that city?
No. I have located no provision of the Arkansas Banking Code of 1997 that would operate to prohibit a city from assessing a fee or tax upon banks under the authority of A.C.A. § 26-77-102.
Question 3 — Is there any state law that prevents or prohibits a city ofthe first class from assessing a municipal occupational tax or businesslicense under the authority of A.C.A. § 26-77-102 on any particulartrade, business, profession, vocation or calling that is conducted withinthe city limits of that city?
No. I have located no provision of any state law that would operate to prohibit a city from assessing a fee or tax upon banks under the authority of A.C.A. § 26-77-102.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General